No. 20.—WILLIAM G. FIELD, plaintiff in error, vs. WILLIS PUTMAN, defendant in error.

[1.] By the 54th section of the Judiciary Act of 1799, it is required, that where either party in any cause, in the Inferior Court, shall except to any proceedings affecting the merits, the party complaining shall present such exceptions in writing, signed by himself or his attorney; and if the same shall be overruled by *the Court*, he may apply for a certiorari, &c.

*Held*, That while it is true that the Act contemplates the exceptions to be overruled by *the Court*, in term time, and not by the individual members, some month or more after the adjournment; still if the certiorari be granted and a return made thereto by the proper officer, it is evidence upon which the Judge of the Superior Court may act, especially if the petition for certiorari be sworn to by the attorney of the party.

[2.] A certiorari will lie from the decision of the Inferior Court sitting as a *habeas corpus* Court.

[3.] The 2d section of the Act of 1845, provides that "when any debtor is surrendered by his security, it shall not be lawful for any Court to discharge such debtor from custody, because the jail fees are not paid or secured, unless the Sheriff or jailer shall give at least ten days prior notice in writing to the plaintiff or his attorney, who shall be allowed that time within which to pay or give security for the jail fees."

*Held*, That notice in such case is indispensable; and in the opinion of a majority of the Court, Judge McDonald *dubitante*, a judgment of discharge without it, is void, and may be treated as such in any Court; and the Court are unanimously of the opinion that it does not protect the debtor thus discharged from a re-arrest. Is any one but the jailer or Sheriff, entitled to the benefit of this proceeding? *quere*.

[4.] The pay allowed the jailer for keeping a prisoner, is 46⅔ cents per day.

Certiorari, in Forsyth Superior Court. Decision by Judge TRIPPE, at September Term, 1856.

William G. Field, the plaintiff in error, had been arrested by *capias ad satisfaciendum*, issued against him at the suit of Willis Putman; he gave bond and security for his appearance, to take the benefit of the honest debtors' act of 1823. At the term of the Court to which he was required to appear, not availing himself of the provisions of said act, he was surrendered by his sureties, and the Court made an order that he be imprisoned in the common jail of Forsyth county, until he make a disclosure of his property and

effects, and give the notice required by law.    Under this or-
der, Field was  confined in jail for  about  nineteen months ;
the plaintiff in  *ca. sa.* paying  during that time the  jail  fees
required by the jailer.    On the 15th day of May, 1854, Field
applied for a *habeas corpus,* returnable before the Justices of
the  Inferior  Court, claiming to  be  discharged from  his
imprisonment,  on  the  ground that plaintiff in *ca.  sa.* had
given no bond for jailer's fees, and more than one week's jail
fees for dieting prisoner was due and unpaid.

Upon hearing the application, the Inferior Court discharg-
ed the prisoner, on the ground that the jail fees had not been
paid weekly, as required by statute in such case provided.

To this decision of the Inferior  Court, discharging  Field,
Putman excepted, and  brought the same for review and re-
versal, by certiorari, before the Superior Court.   The Justices
of the Inferior Court filed their answer setting forth the fore-
going facts, and after argument, the Court sustained the cer-
tiorari, and ordered the judgment of the Justices to be set
aside, on the  ground, that no  notice of the application  for
*habeas corpus,* on the  trial, either  verbal or  otherwise, had
been given to the  plaintiff  Putman or his attorney.   And
defendant Field by his counsel excepted to this decision, and
tenders his bill of exceptions.

BROWN, by WALKER, for  plaintiff in error.

IRWIN, for defendant in error.

*By the Court.*—LUMPKIN J. delivering the opinion.

The first question to be  considered in  this  case is, ought
the certiorari to have been dismissed ?

[1.] It is insisted that it should have been, because not taken
out in conformity with the 54th section of the Judiciary Act
of 1799.   That section provides that,  " when either party in
any cause shall take  exceptions to any  proceedings in any

Field vs. Putman.

·case affecting the real merits of such cause, the party making the same shall offer such exceptions in writing, which shall be signed by himself or his attorney; and if the same shall be overruled by *the Court*, it shall and may be lawful for such party, on giving twenty days' notice to the opposite party or his attorney, to apply to one of the Judges of the Superior Court, and if such Judge shall deem the said exceptions to be sufficient, he shall forthwith issue a writ of certiorari, directed to the Clerk of such Inferior Court, requiring him to certify and send up to the next Superior Court, to be held in the said county, all the proceedings in the said cause; and at the term of the Superior Court to which said proceedings shall be certified, the said Superior Court shall determine thereon, and order the proceedings to be dismissed, or return the same to the said Inferior Court, with order to proceed in the said cause." *Cobb* 523.

It is certainly true, that the mode of suing out this certiorari, was not a strict or even a substantial compliance with the statute. The exceptions in writing have to be signed by *the party and overruled by the Court*, and not by the individual members, some thirty days or more after the adjournment of the Court; still, irregular as the proceedings may have been, it was worth something to the Judge of the Superior Court, in certifying to him as to what did transpire in the cause; especially as the return was made by the proper officer, admitting the truth of the facts contained in the exceptions. The Courts should look to the substance of things. Suppose a bill was filed praying an injunction, which the complainant had omitted to verify, the defendant however, overlooking the defect, puts in his answer, confessing the facts upon which the equity of the bill rests, would the injunction be dissolved? But a sufficient, and perhaps a more satisfactory answer to the objection is, that the petition for certiorari was sworn to by Mr. George N. Lester, the attorney of Putman. A party in the Inferior Court is not obliged to proceed under the Judiciary Act of 1799. He is

entitled under the Act of 1811, (*Cobb* 523,) to bring his cer-
tiorari upon affidavit as in Justices' Courts.  Why not ?  And
at any time within six months after the case has been deter-
mined in the Court below.  (*Cobb* 528.)  And in this view of
it, there is no difficulty in the case.

[2.] The question has been raised, whether a certiorari
will lie from the decision of the Inferior Court, sitting  as a
*habeas corpus* Court?  We  have no doubt  upon  that sub-
ject.  The Justices of the Inferior Court are a permanent
body of magistracy; and when sitting as a *habeas corpus* Court,
a jurisdiction conferred upon them by law,' they are a  Court
of record, and have a Clerk.  Such was not the case of
*Heard vs. Heard,* 17 *Ga. Rep.* 739.

[3.] Then comes up the question of notice.  We hold it
was indispensable in this case.  This debtor  was committed
to jail upon a surrender by his security.  The case conse-
quently falls under the Act of 1845, and not the Act of 1847.
The second section of the Act of 1845, enacts that, " when
any debtor, after giving bail or security, on *mesne* or final
process, shall be surrendered by his bail or security, and
committed by the Sheriff to jail; it shall  not be lawful for
any Court to discharge such debtor from custody, because of
the jail fees not being paid or secured, unless the Sheriff or
jailer shall give at least ten days prior notice in writing, to the
plaintiff or his attorney, who shall be allowed that time with-
in which to pay or give security for the jail fees, and there-
by prevent such discharge."  *Cobb* 391.

It is conceded the notice was not given.  It could not be
dispensed with.  It was to enable the creditor, if in default,
to pay the fees, and thus comply with the law.  And when
the statute says, *that it shall not be lawful* for the Court to
discharge the debtor, unless this notice is given, I hold, as
do a majority of this Court, that the judgment is void, if ren-
dered in defiance of this act.  It is a nullity, and may be so
treated every where and by any body,  and the debtor may
be re-arrested, notwithstanding such discharge.  Moreover,

Field vs. Putman.,

I am strongly inclined to the opinion, that the application in such cases, should proceed from the Sheriff or Jailer, and not at the instance of the debtor. The act was passed for the protection of the county and its officers, and not for the benefit of the debtor.

Nor did the casual appearance of Mr. Richard Lester, who was not the attorney of Putman, dispense with the necessity of the notice.

[4.] As the question is fairly presented, we deem it best to settle what are the fees due the jailer.

Under the original fee bill, he was entitled to 37½ cents for the board of a prisoner. (*Prince* 260.) There were two acts passed in 1818, each adding 50 per cent. to the original fees allowed the jailer; one the 8th and the other the 19th of December, of that year. (*Lamar's Dig.* 164, 322.) On the 16th of December, 1819, an act was passed increasing the fees of county officers (jailers included,) 25 per cent. on the rate established previous to the 1st of December, 1818; and repealing all laws and parts of laws, militating against the act. (*Lamar* 323.) And the uniform decision for forty years, (saving one,) upon these statutes, has been that the Acts of 1818, were superseded by the Act of 1819; and that 25 per cent. only was to be added to the original fee bill. The 25 per cent. *must* be added, for it is the last act upon the subject. And if you super add to this the 50 per cent. allowed the jailor alone, under one of the Acts of 1818, and his fees will be upwards of 65 cents per day, instead of 56¼, claimed in this case; and add the other 50 given to the jailer in common with the other county officers,. under the other Act of 1818, and it will make his fees upwards of 83 cents. We are satisfied that the jailer in common with the other county officers, is entitled to the original fee of 37½ with 25 per cent. added, making his pay 46⅞, and not 56¼. Indeed there is no view of these several acts, which would justify this last sum.

Judgment affirmed.