# EX PARTE JOSEPH GAUME, Petitioner.

### Division Two, May 7, 1901.

**Habeas Corpus:** APPLICATION TO SUPREME COURT. An application for release on habeas corpus, asserting that relator's imprisonment is illegal on the ground that the ordinance under which he was convicted is void, is insufficient when made to the Supreme Court, under Revised Statutes 1899, section 3613, providing that a person applying for the writ who is held in custody on a charge of misdemeanor shall apply to the judge of the circuit court in the county in which he is held in custody, if such judge be in the county; there being no such allegations in the petition.

*Habeas Corpus.*

WRIT DENIED.

*I. N. Watson* for petitioner.

SHERWOOD, P. J.—Petitioner was fined by T. B. McAuley, police judge of Kansas City, the sum of $2 for driving a one-horse grocery wagon along the streets of that municipality without license, in violation of ordinance 15350. Whereupon, petitioner comes up to this court and presents his petition for habeas corpus, asserting that his imprisonment is illegal, on the ground that said ordinance is void, etc., and asking, in consequence thereof, that he be discharged.

Section 3613 of the Habeas Corpus Act, Un. Rev. Stats. Mo., 1899, provides that "When a person applies for the benefit of this chapter, who is held in custody on a charge of crime or

misdemeanor, his application shall be to the judge of the circuit court for the county in which the applicant is held in custody, if, at the time of the application, such judge be in the county," etc.

There are no such allegations in the petition. It is perfectly competent for the Legislature to make all needful and reasonable regulations so long as such regulations do not impinge upon or impair the substantial efficacy of the writ.

Because of the failure in allegation aforesaid, the petition sets forth no ground for relief, and accordingly we deny the writ.