STATE ex rel. HIETT, Petitioner, v. SIMMONS, Respondent.

St. Louis Court of·Appeals, May 2, 1905.

1. HABEAS CORPUS: County Court. Under section 3546, Revised Statutes of 1899, a judge of a county court has jurisdiction to issue a writ of habeas corpus for a person alleged to be unlawfully restrained of his liberty, to hear the application of such person for discharge and decide it.

2. ——: ——: Review. The decision of a judge of a county court erroneously discharging a prisoner on a writ of habeas corpus, is not subject to review by an appellate court on a writ of certiorari.

Certiorari to Simmons, Judge of the County Court of Texas County.

PROCEEDING DISMISSED.

GOODE, J.—W. L. Hiett is the prosecuting attorney of Texas county and L. C. Simmons the presiding judge of its county court. On the application of said prosecuting attorney this court granted a writ of certiorari to said Simmons in his official capacity, com-

manding him to transmit here the petition and all the proceedings in a certain cause pending before him as judge, wherein Wm. H. Brooks petitioned for a writ of habeas corpus. The writ of certiorari was granted by this court March 22, 1905. On the same day and before service of said writ on the respondent, he ordered the discharge of the petitioner Brooks in the habeas corpus proceeding pending before him, and the prisoner was discharged. The petition for the writ of habeas corpus was presented to respondent about March 17th, and the Prosecuting Attorney Hiett applied a few days afterward to this court for the writ of certiorari, having previously applied to Hon. L. B. Woodside, judge of the Nineteenth Judicial Circuit, of which Texas county is a part. On the return of the writ of certiorari issued by the circuit judge, the latter quashed the certiorari proceeding. It does not clearly appear whether the respondent Simmons knew application had been made to this court for a writ at the time he discharged the prisoner or not.

The facts out of which the controversy between the prosecuting attorney of Texas county and the presiding justice of the county court arose will be stated. William H. Brooks, who petitioned the respondent for his liberty, was in the custody of the jailor of that county under two commitments issued on two separate convictions of said Brooks before R. P. Hubbard, justice of the peace of Texas county, for two distinct misdemeanors. On February 20, 1905, said Brooks was convicted of a misdemeanor, fined $50 and the costs of the prosecution assessed against him to the amount of $37.90. The justice issued a mittimus on that conviction February 23, and by virtue of it Brooks was taken into the custody of the sheriff and jailer of the county, Aaron Wood, and imprisoned until March 11. On February 22 Brooks was convicted before the same justice of the peace for another offense, fined $200 and $47 costs assessed against him. The justice issued a mittimus on

this conviction February 23, commanding the jailor to take Brooks and keep him safely imprisoned until the fine and costs were paid or he was otherwise discharged in due course of law. Under this commitment Brooks was incarcerated February 3, 1905. On March 11, 1905, the county court of Texas county entered an order of record directing the sheriff to release Brooks from custody under both commitments and that he be placed in charge of R. W. Williams and J. W. Ormsby, to whom he (Brooks) had been hired by the county court for the period of five months at $20 a month. Williams and Ormsby gave a bond of $200 for the payment of the stipulated wages for Brooks' services and, as said, the jailor was ordered to put the prisoner in their charge. In making this order the county court assumed to act under the authority of section 1791 of the Revised Statutes of 1899, which reads as follows:

"The county courts of the various counties of the State shall have the power to provide for the employment, under such rules and regulations and under such terms as they may prescribe, of all persons convicted of misdemeanor under the statutes of this State, and who may be sentenced to imprisonment in the county jail, or who may be committed to the county jail for non-payment of fine; and the amount so received for the services of such person so hired shall be applied upon the judgment against him."

The jailor of the county released Brooks pursuant to the order of the county court and turned him over to Williams and Ormsby. The so-called hiring was a sham. From Brooks' petition for the writ of habeas corpus, it appears that he returned to his home near Cabool, and near where Ormsby lived, and remained ready and willing to work for Ormsby and Williams at any time they might order him into service. The obvious purpose was to let Brooks pay $100 on his fines instead of $250, the amount of them, and the county escape the

expense of his imprisonment. The action of the county court was, in effect, a compromise with the prisoner. The prosecuting attorney of Texas county disputed the right of the county court to order the discharge of Brooks in the face of the commitments issued by a court of competent jurisdiction, commanding his imprisonment until he was entitled to be discharged by having served out his fines. Therefore the prosecuting attorney directed the sheriff to rearrest Brooks under the commitments in the sheriff's hands, and this was done and Brooks returned to jail March 13. He thereupon petitioned the respondent, as judge of the county court, for a writ of habeas corpus; and this proceeding was instituted by the prosecuting attorney in order to have the records and proceedings in the habeas corpus matter sent here for review.

The position of the relator is that the county court acted without authority in ordering Brooks discharged in the first instance; that his rearrest and commitment to jail a second time was lawful and in obedience to the writs issued by the justice of the peace on the convictions for the two misdemeanors, and that respondent, as judge of the county court, had no jurisdiction or authority to discharge Brooks from the jailor's custody on a hearing of the habeas corpus proceeding. We are willing to grant the soundness of all those propositions except the last one. The respondent is the judge of a court of record and, as such, has authority, in the vacation of his court, to issue writs of habeas corpus for persons alleged to be unlawfully restrained of their liberty, hear their applications for discharge and decide them. [R. S. 1899, sec. 3546.] Now, as the respondent was empowered to issue the writ and decide on the right of the petitioner to a discharge, he was empowered to decide erroneously as well as rightly. In other words, his jurisdiction of the subject-matter of the particular case was complete. The doctrine prevails in this State that if

an inferior court grants the discharge of a prisoner in a habeas corpus proceeding when he is not entitled to be discharged, the decision is not subject to review by an appellate court, as it is in favor of personal liberty. Of course, if some magistrate or court should undertake to grant the writ when he or it had no jurisdiction to do so, the proceeding might be prohibited or, perhaps, reversed on certiorari. That is not the present case, however, for the judge of a county court in vacation may grant the writ. In some States the discharge of a prisoner may be reversed in a certiorari proceeding if it appears from the record, and without looking into the evidence, that the proceedings in the habeas corpus matter were irregular or the court had no jurisdiction to issue the writ. [People v. Castle, 5 Hill (N. Y.) 164; United States v. Wingal, Id. 17; Field v. Putnam, 22 Ga. 93; Livingston v. Livingston, 24 Ga. 379.] What may be done under the writ of certiorari in such a matter in this State never has been decided to our knowledge. But the Supreme Court has decided that an erroneous discharge of a prisoner cannot be reversed on appeal or writ of error; and this was tantamount to deciding that it cannot be reversed on certiorari. The rule is that the decision of the tribunal where the case originated, if it was a tribunal enjoying jurisdiction of the cause, is allowed to stand whether right or wrong. This subject was so thoroughly expounded in Ex Parte Jilz, 64 Mo. 205, that we need not do more than refer to that decision. We have no idea that the provisions of the statute under which the county court hired Brooks to Williams and Ormsby contemplated that such a hiring should entitle the prisoner to be released from the custody of the jailor and exempt him from further punishment. If such a proceeding as the county court adopted in this instance is valid, that court practically exercises the pardoning power and may remit fines and penalties. But we are concerned, not with the release of Brooks from custody

pursuant to the order hiring him to Williams and Ormsby, but with his release by writ of habeas corpus pursuant to the order of a judge who had authority in the premises. We cannot interfere with that decision. This proceeding is, therefore, dismissed. All concur.