## Ex Parte JAMES SHOFFNER, Petitioner.

**Springfield Court of Appeals, July 29, 1913.**

HABEAS CORPUS: Appellate Court's Jurisdiction. Sec. 2509, R.. S. 1909, requires that the application for the writ of *habeas corpus* shall be first made to the judge of the circuit court of the county in which the prisoner is confined, if at the time of the application such judge is in the county. *Held,* that in an application for the writ, there being no allegation that the circuit judge was out of the county, the appellate court will decline to proceed.

## Habeas Corpus.

PRELIMINARY WRIT QUASHED.

*Rechow & Pufahl* for petitioner.

*B. J. Emerson* for respondent.

PER CURIAM.—Petitioner sued out of this court a writ of *habeas corpus*, returnable July 7, 1913, setting up in his application that he was unlawfully and illegally imprisoned by the sheriff of Polk county and that said sheriff had no lawful authority to detain him.

The sheriff's return contains a certified copy of a judgment and sentence of the circuit court of Polk county adjudging James Shoffner, the petitioner herein, guilty of a misdemeanor, and fixing his punishment at imprisonment in the county jail for a term of six months.

In a motion to quash the writ, filed by Hon. B. J. Emerson, prosecuting attorney of Polk county, our attention is called to the fact that the petitioner's application contains no allegation that the judge of the circuit court of Polk county, in which county the peti-

tioner is confined, was absent from the county, or that reasonable notice of the time and place of making the application was given to the prosecuting attorney of that county.

Section 2509, Revised Statutes 1909, requires that the application be first made to the judge of the circuit court of the county in which the prisoner is confined if at the time of the application such judge is in the county. In the absence of an allegation in the application for the writ that the circuit judge was out of the county, this court is without jurisdiction to proceed herein. The case of Ex parte Gaume, 162 Mo. 390, 62 S. W. 984, is directly in point, holding that under the statute above referred to the appellate court has no jurisdiction. The preliminary writ heretofore issued is quashed.