THE STATE EX REL. NORTH TODD GENTRY, Attorney-General, and LESLIE RUDOLPH, Deputy Warden and Acting Warden of the State Penitentiary, v. HENRY J. WESTHUES, Judge, and RICHARD R. NACY, Clerk, of Circuit Court of Cole County.

Court en Banc, August 6, 1926.

**1. CERTIORARI: Habeas Corpus: Review of Jurisdictional Matters.** No appeal lies in habeas corpus, but the Supreme Court has jurisdiction to review by certiorari the record of the circuit court relating to jurisdictional matters and errors appearing on the face of the record which cannot be reached by appeal or writ of error.

**2. HABEAS CORPUS: Venue.** The application of a person confined in the penitentiary for a writ of habeas corpus is properly made to the judge of the Circuit Court of Cole County.

3. ———: **Conclusiveness of Return: Denial of Allegations.** The return of the officer having in custody a petitioner for a writ of habeas corpus is not conclusive of his authority to detain the prisoner, but where the petitioner in his reply denies that exhibits attached to the return are true copies of the records of the circuit court adjudging him guilty of a felony, and the issue is whether his imprisonment is authorized by any judgment, order or decree or by any provision of law, the circuit court to which the application is made has a right to go behind the return and to test the truth and accuracy thereof, and to try the issue presented by the pleadings.

4. ———: **Discharge by Circuit Court: Review: Certiorari.** Where the circuit court, upon a hearing of a petition for habeas corpus, discharged the petitioner, any finding upon the merits of the evidence before the court will not be reviewed by certiorari issued upon application of the State. If the circuit court had jurisdiction of the proceedings, its judgment on the merits will not be disturbed, since it was empowered to decide erroneously as well as rightly.

5. ———: **Jurisdiction: No Sentence: Revocation of Parole: Absolute Discharge.** Where the record shows that the petitioner for a writ of habeas corpus was charged with forgery, that he entered a plea of guilty, that his punishment was assessed at imprisonment in the penitentiary for a period of two years, that he was immediately paroled, that at a special term four years later his parole was terminated and the sheriff ordered to apprehend and deliver him to the warden of the penitentiary, and in his application for the writ he alleges that he was discharged from his parole eighteen months after judgment of guilty was entered, but admits that there is no record showing such discharge, the circuit court was without jurisdiction to order his complete discharge on the ground that the record shows no allocution or sentence. His parole, its revocation and his rearrest all presuppose a judgment and sentence, but if such was not rendered, he was still not entitled to go at large, but should have been committed to the sheriff of the proper county to be detained for the judgment and sentence of its circuit court.

Corpus Juris-Cyc. References: **Courts,** 15 C. J., section 382, p. 971, n. 52 New; Section 511, p. 1078, n. 36. **Criminal Law,** 16 C. J., Section 3140, p. 1334, n. 60. **Habeas Corpus,** 29 C. J., Section 119, p. 122, n. 60; Section 177, p. 157, n. 27; Section 195, p. 174, n. 33; Section 210, p. 183, n. 14; Section 214, p. 187, n. 73; Section 225, p. 193, n. 36, 42 New.

*Certiorari.*

RECORD QUASHED.

*North Todd Gentry,* Attorney-General, and *A. M. Meyer,* Special Assistant Attorney-General, for relators.

(1) The fact that the parole was revoked after the expiration of a period longer than the term of sentence does not affect a discharge of a prisoner, but under Secs. 4163, 4162, 4157, R. S. 1919, the court may in its discretion revoke the parole at any time within ten years. Ex parte Mounce, 269 S. W. 385; State v. Collins, 225 Mo. 633; Sec. 4158, R. S. 1919. (2) The writ of *habeas corpus* is an extraordinary remedy and will lie only in cases where it appears upon the face of the record or by a positive proof that the court, officer or person detaining the body of the petitioner was absolutely without authority or

315 Mo.—43.

jurisdiction. State ex rel. v. Dobson, 135 Mo. 1; Ex parte Buckley, 215 Mo. 93; Ex parte Mitts, 278 S. W. 1047. (3) Attached to the return of the deputy warden is a certified copy of the judgment of the Circuit Court of Pulaski County, which shows that the petitioner was duly sentenced to the penitentiary by said court. This certified copy of the record was delivered to the deputy warden at the time the petitioner was placed in his custody, and the certificate thereto is in due form. The court cannot go behind this certified copy of the record which was in due form, and delivered to relator at the time the petitioner was placed in his custody. The Circuit Court of Cole County had no right or authority to review, modify, set aside or construe the judgment of the circuit court of another county, both of course being of equal jurisdiction. Ex parte Ruvell, 301 Mo. 254. There also appears of record an entry on the minutes of the judge's docket showing the assessment of punishment upon a plea of guilty and a parole, which is at least presumptive evidence that there was a judgment and sentence in fact without other showing. State ex rel. v. Dobson, 135 Mo. 1; Sec. 4059, R. S. 1919. (4) Failure of the clerk to enter a proper judgment does not invalidate the judgment nor render the defendant liable to discharge upon a writ of *habeas corpus,* if there was a judgment in fact. Sec. 4059, R. S. 1919. The entry on the minutes on the judge's docket is sufficient to show that a judgment was rendered and that the court had jurisdiction of the defendant, and is a sufficient basis for a *nunc pro tunc* judgment. Ex parte Mitts, 278 S. W. 1047. (5) The proper court, were the proceedings in this case attacked directly, would have power to remand the defendant for sentence and judgment in case the clerk had failed to enter judgment of record. State v. Duff, 253 Mo. 415; Sec. 4111, R. S. 1919. (6) The proceedings in this case show that the Pulaski Circuit Court had jurisdiction of the person of the petitioner and of the subject-matter of the action. Therefore he was not entitled to be released upon a writ of *habeas corpus.* State ex rel. v. Dobson, 135 Mo. 1; Ex parte Tuvell, 301 Mo. 254.

ATWOOD, J.—Our writ of *certiorari* was issued on application of relators against respondents, and on record certified to us relators seek to quash the judgment of the Circuit Court of Cole County, Missouri, in the *habeas corpus* proceeding entitled Ex parte Ezra Overby.

The application for writ of *habeas corpus* filed in said court charges that Ezra Overby is unlawfully confined in the Missouri State Penitentiary located in said Cole County, in that there has been no judgment of the Circuit Court of Pulaski County, Missouri, from which county the said Overby was committed, adjudging, ordering and decreeing that he be confined in the State Penitentiary for any term.

Attached to the application and filed therewith is a purported copy of the warrant, order and process of confinement marked "Exhibit A," and a purported copy of all records and proceedings in the office of the clerk of said circuit court relative to Overby's case, marked "Exhibit B," all duly certified by the Circuit Clerk of Pulaski County.

Leslie Rudolph, Deputy Warden and Acting Warden of the Penitentiary and one of the relators herein, made return to the writ of *habeas corpus* stating his authority for holding the said Overby thus:

"That at the March, 1921 term of the Circuit Court of Pulaski County, Missouri, the said Ezra Overby was, by the said court, duly sentenced to the penitentiary of the State of Missouri for a term of two years, on a plea of guilty to an information charging the said Ezra Overby with the crime of forgery; that said court, upon application by the said Ezra Overby therefor, granted the said Ezra Overby a parole in the manner prescribed by law, and permitted said petitioner to go at large under said parole.

"That on the 6th day of July, 1925, the said Circuit Court of Pulaski County, Missouri, at the special July, 1925, term of said court, made an order vacating and revoking the said parole theretofore granted to said Ezra Overby by said court, and ordered and adjudged that the said Ezra Overby be taken into custody of the sheriff and delivered to the warden of the penitentiary to serve the sentence theretofore duly imposed upon him by the said court; that duly certified copies of the judgment and sentence rendered and pronounced against the said Ezra Overby in said cause, and the certificate of the Circuit Clerk of Pulaski County, Missouri, showing the order of the said court revoking the parole granted to the said Ezra Overby on said judgment and sentence, are hereto annexed and marked Exhibits A and B, and made a part of this return."

Applicant Overby filed reply to the above return in which he "admits that he was paroled at the March, 1921, term of the Circuit Court of Pulaski County, Missouri," but denies that the said Rudolph detains him under or by virtue of any authority of law, and further denies the substantial allegations of said return, and denies that Exhibits "A" and "B" annexed and referred to in said return are true and correct copies of the records of the Circuit Court of Pulaski County. Further answering, said applicant "states that at the March, 1921, term of the Circuit Court of Pulaski County, Missouri, the applicant, Ezra Overby, entered a plea of guilty to an information charging him with forgery; that said circuit court assessed his punishment at two years in the State Penitentiary and immediately paroled him, as is shown by the judge's docket of the Circuit Court of Pulaski County, Missouri, for the March term, 1921; that your applicant, Ezra Overby, was not sentenced to the State Penitentiary

for a term of two years, or for any other term, by said court and no judgment was entered of record or pronounced against him and that the records of the Circuit Court of Pulaski County, Missouri, do not show that the said Ezra Overby was sentenced to the penitentiary, nor that there was any judgment entered against him, nor do said records at said term of court show that said Ezra Overby was granted allocution as required by law in such cases; and your applicant specifically denies that Exhibit A attached to and made a part of the answer filed by the Attorney-General in behalf of the said Leslie Rudolph herein is a true and correct copy of the records of the circuit Court of Pulaski County, Missouri, but avers the facts to be that if the said Leslie Rudolph is in the possession of such a record as Exhibit A, said Exhibit A was prepared and fixed up by the Circuit Clerk of Pulaski County, Missouri, under the direction of the prosecuting attorney of said county, without any record of the circuit court of said county to base it on, and that said Exhibit A is not a true and correct copy of the judgment and sentence in this matter, for the reason that said records of Pulaski County, Missouri, do not show any judgment or sentence in this matter, and that said Exhibit A is a false and fraudulent record and is in fraud of the rights of this applicant.''

At the trial it developed that ''Exhibit B'' attached to the application, and not ''Exhibit A'' attached to the return, is a true and correct copy of the circuit court records of Pulaski County in the case of State of Missouri v. Ezra Overby, and that the purported copy of sentence and judgment marked ''Exhibit A'' attached to the application, and the like copy marked ''Exhibit A'' attached to the return, are not true copies of any records of the Circuit Court of Pulaski County. ''Exhibit B'' attached to the application and found to be a true and correct copy of said records is, omitting caption and certificate, as follows:

''State of Missouri,    )
                        )ss  In The Circuit Court of Said County.
County of Pulaski.      )

''Be it remembered that at the term and on the days hereinafter set forth the followings, among other proceedings, were had and entered of record, as follows:

''In Circuit Court, March Term, 1921, March 21, 1921. First day of Said Term, as same appears of record in Court Record Book 5, Page 187.

''State of Missouri,    )
            v.          )    412.   Forgery.
''Fred Overby.          )

"Now at this day comes the prosecuting attorney who represents the pleas of the State and comes also the defendant in person and on being demanded of concerning the charges in the information says that he is guilty as charged. Whereupon it is considered by the court that defendant is guilty as confessed and his punishment is assessed by the court at two years in the State Penitentiary.

"State of Missouri,  )
          v.         )   412.   Forgery.
"Ezra Overby.        )

"Now at this day comes the prosecuting attorney and recommends to the court on the agreement of the parties herein and a petition signed by good people of the community wherein said defendant lives and the good conduct of said defendant since his apprehension that he be paroled. Whereupon said defendant is by the court paroled.

"In the Circuit Court, March Term, 19 .  First day's proceedings, as the same appear on record in Judge's Docket No. 6, page 56.

"State of Missouri,  )
          v.         )   412.   Forgery.
"Ezra Overby.        )

"1. Defendant pleads guilty punishment assessed at 2 years in State Penitentiary.
"1. Paroled.
"In the Circuit Court, July Special Term, 1925. First day's proceedings, as the same appear on record in Circuit Court record 6 at page 186.

"State of Missouri,  )
          v.         )   412.   Forgery.
"Ezra Overby.        )

"Now at this day it is ordered by the court that the parole heretofore, at the March Term, 1921, of this court, granted to Ezra Overby be, and the same is hereby terminated. Whereupon, it is ordered that execution issue against said defendant and that the sheriff apprehend said defendant and deliver him to the warden at the State Penitentiary there to be kept in compliance with the sentence and judgment of this court heretofore rendered at the March Term, 1921.

"In the Circuit Court. July Special Term, 1925. First day's proceedings, as the same appear on record in Circuit Court Record 6 at page 187.

"State of Missouri,    )
          v.                ) 412.  Forgery.
"Ezra Overby.          )

"Now at this time it is ordered by the court that J. W. Wyrick, Sheriff of Pulaski County, Missouri, be and is hereby allowed one guard to assist in conveying Ezra Overby to the State Penitentiary."

On hearing the *habeas corpus* proceeding Judge Westhues, one of the above respondents, ordered and adjudged that the said Ezra Overby be forthwith discharged from imprisonment and detention in the Missouri State Penitentiary.

I.  No appeal lies in *habeas corpus* (In re Webers, 275 Mo. 1. c. 683), and this court has jurisdiction to grant *certiorari* (State ex rel. v. Wurdeman, 254 Mo. 1. c. 568), and review the record as to jurisdictional matters and errors appearing on the face of the record which cannot be reached by appeal or writ of error. [State ex rel. v. Shelton, 154 Mo. 1. c. 691; State ex rel. v. Mosman, 231 Mo. 1. c. 482.]

**Certiorari.**

II.  The application for writ of *habeas corpus* was properly made to the judge of the Circuit Court of Cole County, the applicant being held in custody in that county.  [Sec. 1944, R. S. 1919; Ex parte Gaume, 162 Mo. 390; Ex parte Shoffner, 173 Mo. App. 403; State ex rel. v. Dobson, 135 Mo. 1.]

**Venue.**

III.  Relators say that the matters shown by Acting Warden Rudolph's return were conclusive as to his authority to detain the prisoner, and the circuit court should not have gone behind this return. Relators, however, overlook Section 1903, Revised Statutes 1919. which authorizes the applicant to "deny the material facts set forth in the return, or allege any fact to show, either that his detention or imprisonment is unlawful, or that he is entitled to his discharge." [Ex parte Thornberry, 300 Mo. 1. c. 666.] Applicant, in his reply, denied that "Exhibit A" was a copy of the circuit clerk's records, and alleged new matter as heretofore stated, and the issue made by the pleadings before the Cole County Circuit Court was whether or not the imprisonment of Ezra Overby was authorized by any judgment, order or decree or by any provision of law.  The applicant's right to file reply and deny material facts set up in the return would be an idle privilege if the court could not test the truth and accuracy of such return.  Obviously the provisions of Section 1907 refer to matters as they appear to the court upon a trial of the issues joined. Consequent-

**Return:
Conclusiveness.**

ly, Judge Westhues proceeded to settle the facts in a summary way, by hearing the testimony on the part of the persons interested as well as of the prisoner, and the person who held him in custody, as he was authorized to do by Section 1905, Revised Statutes 1919.

IV.   The Circuit Court of Cole County having jurisdiction to hear the *habeas corpus* proceeding, it was empowered to decide erroneously as well as rightly, and its judgment on the merits only will not be disturbed.

In State ex rel. Hiett v. Simmons, 112 Mo. App. 535, the St. Louis Court of Appeals had before it, on *certiorari* directed to the County Court of Texas County, the decision of a judge of said court discharging a prisoner on writ of *habeas corpus*. It was urged that the county court had no jurisdiction or authority to discharge the prisoner from the jailor's custody on a hearing of the *habeas corpus* proceeding. On this point the Court of Appeals, speaking through Judge GOODE, said (l. c. 538-9) : ''The respondent is the judge of a court of record and, as such, has authority, in the vacation of his court, to issue writs of *habeas corpus* for persons alleged to be unlawfully restrained of their liberty, hear their applications for discharge and decide them. [R. S. 1899, sec. 3546.] Now, as the respondent was empowered to issue the writ and decide on the right of the petitioner to a discharge, he was empowered to decide erroneously as well as rightly. In other words, his jurisdiction of the subject-matter of the particular case was complete. The doctrine prevails in this State that if an inferior court grants the discharge of a prisoner in a *habeas corpus* proceeding when he is not entitled to be discharged, the decision is not subject to review by an appellate court, as it is in favor of personal liberty. Of course, if some magistrate or court should undertake to grant the writ when he or it had no jurisdiction to do so, the proceeding might be prohibited or, perhaps, reversed on *certiorari*. That is not the present case, however, for the judge of a county court in vacation may grant the writ. In some States the discharge of a prisoner may be reversed in a *certiorari* proceeding if it appears from the record, and without looking into the evidence, that the proceedings in the *habeas corpus* matter were irregular or the court had no jurisdiction to issue the writ. [People v. Castle, 5 Hill (N. Y.) 164; United States v. Wingal, Id. 17; Field v. Putnam, 22 Ga. 93; Livingston v. Livingston, 24 Ga. 379.] What may be done under the writ of *certiorari* in such a matter in this State never has been decided to our knowledge. But the Supreme Court has decided that an erroneous discharge of a prisoner cannot be reversed on appeal or writ of error; and this was tantamount to deciding that it cannot be reversed on *certiorari*. The rule is that the decision of the tribunal where the case originated, if it was a tribunal enjoying

jurisdiction of the cause, is allowed to stand whether right or wrong. This subject was so thoroughly expounded in Ex parte Jilz, 64 Mo. 205, that we need not do more than refer to that decision.''

Also, in State ex rel. v. Broaddus, 245 Mo. l. c. 136, this court, en Banc, held: ''*Certiorari* does not take the place of mandamus to compel the making of a record, but it takes the record as it finds it, excluding the mere evidence which can, in the nature of things, relate to the merits only, tending to show, as it does, that the court erred in its judgment. The office of the writ is not to review error of that sort.''

Following the above authorities we shall not review the Cole County Circuit Court's finding upon the merits of the evidence before it.

V. However, we think the Circuit Court of Cole County was without jurisdiction to order the complete discharge of applicant Overby. From his application and his reply to the acting warden's return it is evident that Overby was not entitled to an absolute discharge.

In Overby's application for the writ of *habeas corpus* it is admitted that he was charged with the crime of forgery at the March, 1921, term of the Circuit Court of Pulaski County, that at said term of court he entered a plea of guilty to said charge and his punishment was assessed at two years in the State Penitentiary and immediately thereafter on the same day and at the same term of court he was paroled by the judge of said circuit court and an entry thereof made by said circuit judge in his court docket, and that in the minute book of the circuit clerk at said March, 1921 term of said circuit court there is a record showing said parole. The second record entry copied in ''Exhibit B'' attached to said application shows that Ezra Overby was paroled by the court on March 21, 1921. The third record entry copied in said ''Exhibit B'' is from the circuit judge's Docket No. 6 at page 56, and this entry read as a whole shows that on March 21, 1921, Ezra Overby pleaded guilty to the crime of forgery, his punishment was assessed at two years in the State Penitentiary and he was paroled. While the application contains an allegation that Ezra Overby was discharged from his parole in September, 1922, it also contains the admission that there is no record showing such discharge. The court can speak only by its records (State ex rel. v. Goodrich, 159 Mo. App. l. c. 425), and discharge from parole at expiration of term of sentence is not obligatory. [Ex parte Mounce, 269 S. W. (Mo.) 385.]

From the applicant's pleaded admission, therefore, regardless of what evidence may have been adduced at the *habeas corpus* hearing, he had been charged with and entered a plea of guilty to a crime punishable by imprisonment in the State Penitentiary. His parole,

its revocation and his rearrest all presuppose a judgment and sentence, but if such was not rendered, as he contended and as the Cole County Circuit Court evidently found, he was still not entitled to go at large but should have been committed to the Sheriff of Pulaski County for the judgment and sentence of the Pulaski County Circuit Court. Such a situation is expressly provided for by our Habeas Corpus Act, Section 1918, Revised Statutes 1919, which reads as follows:

"If a prisoner be not entitled to his discharge, and be not bailed, the court or magistrate before whom the proceedings are had shall remand him to the custody or place him under the restraint from which he was taken, if the person under whose custody or restraint he was be entitled thereto; if not so entitled, then he shall be committed to the custody of such officer or person as by law is entitled thereto."

Although the Cole County Circuit Court had jurisdiction to determine upon the merits of the evidence, either rightly or erroneously, that the Acting Warden of the State Penitentiary was not entitled to detain Overby, yet upon the face of the record the Sheriff of Pulaski County was entitled to detain him until he could receive judgment and sentence from the circuit court of that county. The Circuit Court of Cole County proceeded without jurisdiction in ordering the absolute discharge of Ezra Overby, and its judgment rendered therein is quashed.

All concur, except *White* and *Graves, JJ.*, absent.