**STATE ex rel. William J. HANNAH, et al., Relators,**

v.

**The Honorable A.J. SEIER, Judge, Circuit Court, Thirty-Second Judicial Circuit, Respondent.**

No. 64505.

Supreme Court of Missouri, En Banc.

Aug. 16, 1983.

Kent W. Fanning, William J. Hannah, D. Eugene Dalton, Jr., St. Charles, for relators.

Donald L. Wolff, Ellyn L. Sternfield, Wolff & Frankel, Clayton, for respondent.

DONNELLY, Judge.

The Honorable A.J. Seier, Circuit Judge of Cape Girardeau County, Missouri, intends to dismiss with prejudice an information which charges Caren Blair with theft. He proposes to dismiss eleven counts on authority of *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). He proposes to dismiss the remaining counts on authority of a statute of limitation. The dismissal of all counts depends on evidence received by the trial court dehors the information.

The prosecutors sought prohibition in the Missouri Court of Appeals, Eastern District, a provisional rule issued and was made absolute in part and quashed in part. We transferred the case from the Court of Appeals and decide the case the same as on original appeal. Mo. Const. art. V, § 10.

 In an *ordinary* proceeding in prohibition, we would note that prohibition is not a writ of right; that its issuance in a given case is addressed to the sound discretion of this Court; and that the chief purpose of the writ is to prevent the lower court from acting without or in excess of its jurisdiction. *See State ex rel. Eggers v. Enright,* 609 S.W.2d 381 (Mo. banc 1980). Is there any reason why the same standards should not be applied in this case? In our view, there is. If respondent Seier has jurisdiction of the cause pending in his court (and he does), his decision to dismiss the information, right or wrong, should not be subjected to appellate review.

 The parties agree that in the circumstances of this case the State would have no right of appeal from a dismissal of the information. *See* §§ 547.200 and 547.-210, RSMo 1978; *State v. Brooks,* 372 S.W.2d 83 (Mo.1963); and *State v. Perou,* 428 S.W.2d 561 (Mo.1968). But, relators ask that we determine, *in prohibition,* whether respondent was right or wrong on the merits.

An analogy can be made to habeas corpus. In *State ex rel. Hiett v. Simmons,* 112 Mo.App. 535, 538, 539, 87 S.W. 35, 36 (1905), the St. Louis Court of Appeals had before it, on certiorari directed to the county court of Texas County, the decision of a judge of said court discharging a prisoner on writ of habeas corpus. It was urged that the Texas County court had no authority to discharge the prisoner. The St. Louis Court of Appeals addressed the assertion as follows:

The respondent is the judge of a court of record and, as such, has authority, in the vacation of his court, to issue writs of habeas corpus for persons alleged to be unlawfully restrained of their liberty, hear their applications for discharge and decide them. [R.S.1899, sec. 3546.] Now, as the respondent was empowered to issue the writ and decide on the right of the petitioner to a discharge, he was empowered to decide erroneously as well as rightly. In other words, his jurisdiction of subject-matter of the particular case was complete. The doctrine prevails in this State that if an inferior court grants the discharge of a prisoner in a habeas corpus proceeding when he is not entitled to be discharged, the decision is not subject to review by an appellate court, as it is in favor of personal liberty. Of course, if some magistrate or court should undertake to grant the writ when he or it had no jurisdiction to do so, the proceeding might be prohibited or, perhaps, reversed on certiorari. That is not the present case, however, for the judge of a county court in vacation may grant the writ. In some States the discharge of a prisoner may be reversed in a certiorari proceeding if it appears from the record, and without looking into the evidence, that the proceedings in the habeas corpus matter were irregular or the court had no jurisdiction to issue the writ. [*People v. Castle* [*Cassels*] 5 Hill (N.Y.) 164; *United States v. Wingal* [*Wyngall*] Id. 17; *Field v. Putnam,* 22 Ga. 93; *Livingston v. Livingston,* 24 Ga. 379.] What may be done under the writ of certiorari in such a matter in this State never has been decided to our knowledge. But the Supreme Court has decided that an erroneous discharge of a prisoner cannot be reversed on appeal or writ of error; and this was tantamount to deciding that it cannot be

reversed on certiorari. The rule is that the decision of the tribunal where the case originated, if it was a tribunal enjoying jurisdiction of the cause, is allowed to stand whether right or wrong. This subject was so thoroughly expounded in *Ex Parte Jilz,* 64 Mo. 205, that we need not do more than refer to that decision.

In our view, the *Simmons* language, *supra,* is appropriate in this prohibition proceeding. The decision of the trial court of Cape Girardeau County to dismiss the information, it being a tribunal having jurisdiction of the cause, must be "allowed to stand whether right or wrong."

We anticipate that this opinion may be of minimal precedential value. House Bill No. 279 was enacted in the First Regular Session of the 82nd General Assembly. It repeals §§ 547.200 and 547.230, RSMo 1978, and enacts in lieu thereof two new sections which purport to expand enormously the right of the State of Missouri to appeal in criminal cases.

The provisional rule in prohibition is ordered quashed.

GUNN, J., LOWENSTEIN, Special Judge, and MORGAN, Senior Judge, concur.

BILLINGS, J., concurs in separate opinion filed.

BLACKMAR, J., concurs in result in separate opinion filed.

RENDLEN, C.J., dissents.

WELLIVER and HIGGINS, JJ., not sitting.

BILLINGS, Judge, concurring.

I concur in the principal opinion, reserving for another day the soundness of *State ex rel. Hiett v. Simmons,* 112 Mo.App. 535, 87 S.W. 35 (1905).

I readily agree that *Corcoran* and *Martin* should no longer be followed. The State, in this proceeding, as in *Corcoran* and *Martin,* seeks to enlist our aid in circumventing the existing law of no right of appeal by the vehicle of an extraordinary writ.

In my view we should not continue to countenance piecemeal appeals by the use and *abuse* of the extraordinary writs of prohibition and mandamus under the guise of "superintending control"—whatever that term means. And, we should not hesitate to send a strong and clear signal that a trial court with jurisdiction has the ability to commit error and any such error, if the need arises, will be reviewed upon appeal.

The law review article by Professor Tuchler clearly demonstrates the abuse of the extraordinary writs of prohibition and mandamus—"prodamus" or "mandhibition". In his introductory remarks, the author writes:

Missouri's constitution distinguishes between appellate jurisdiction, which is subject to legislative regulation, and superintending control, which is not. *Limited* appeals are provided by statutes which have been construed narrowly by Missouri's courts. Superintending control includes authority to issue original remedial writs (*e.g.,* mandamus, certiorari, prohibition, habeas corpus, etc.) in a theoretically limited class of cases, *but in no event is there authority to use the writs as substitutes for appeal.* When a claim of trial court error is made in a petition for a writ, however, the temptation is always present to use superintending control to hear the claim and correct the error, regardless of whether the error can be raised effectively on appeal. As a result, and especially in cases where no appeal is available, writ-issuing authority has been used by Missouri's appellate courts to provide *interlocutory review* of attractive claims of error.

*The constitutional limits on judicial authority to effect appellate jurisdiction are violated by over-generous use of the writ.* The costs involved in extensive interlocutory review deserve recognition and may outweigh any benefits derived from early review of claims of trial error.

40 Mo.L.Rev. at 577 (emphasis added).

While it is true that the appellate courts of this State end up denying the vast majority of petitions for such writs, the fact remains that an inordinate amount of judi-

cial time is consumed in considering the petitions,[1] trials are further delayed, the expense of litigation is increased, and the majority of alleged errors are "curable by subsequent events at trial or by appeal." 40 Mo.L.Rev. at 625.

BLACKMAR, Judge, concurring in result.

For me it is sufficient that the circuit judge heard all the evidence that both parties cared to offer and decided on the basis of this evidence some counts were barred by limitation, and others by collateral estoppel pursuant to *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). The prosecuting attorney argues that the judge did not have all the facts before him, but stubbornly disclaims any responsibility for supplying the full trial transcript, and did not even make an offer of proof as to what the missing evidence might show. The circuit court had jurisdiction to decide the points presented. The relators argue, in essence, that his final order, terminating proceedings on these counts, was wrong, but the governing statutes, §§ 547.200 and 547.230, RSMo 1978, do not permit an appeal by the state from the order dismissing the counts on the grounds assigned. The policy against appeals would be circumvented if review by writ of prohibition were to be allowed under these circumstances.

As the principal opinion points out, the effect of H.B. 279, adopted at the last session of the General Assembly, is to expand the state's right of appeal in criminal cases far beyond what it has been in the past. Because of the passage of this bill, I see no reason to discuss the habeas corpus cases mentioned in the principal opinion, or to express approval or disapproval of earlier cases in which prohibition has issued to prevent the termination of criminal proceedings, as Judge Billings does in his concurring opinion. As my concurring opinion in *State ex rel. Morasch v. Kimberlin,* 654 S.W.2d 889 (Mo. banc 1983), decided this day, shows, I do not believe that we should decide more than is necessary in writ cases. This is all the more so when, because of intervening statutory changes, our holding will provide little guidance.

I agree that the provisional rule in prohibition should be quashed.