Grace DIXON, Plaintiff-Respondent,

v.

BI–STATE DEVELOPMENT AGENCY, Defendant-Appellant.

No. 44362.

Missouri Court of Appeals, Eastern District, Division Two.

July 13, 1982.

Donald W. Bird, Mark Arnold, St. Louis, for defendant-appellant.

Roy A. Walther, St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendant-appellant Bi-State Development Agency was the beneficiary of a favorable jury verdict in a personal injury action. The trial court, however, by amended order, granted plaintiff-respondent a new trial. Defendant appeals contending that the amended order is invalid because it was issued without notice and that the original order states no valid ground for an award of a new trial. Defendant's contention is correct, and we reverse the judgment.

Plaintiff injured her leg when defendant's bus in which she was a passenger came to a sudden stop throwing another passenger against her. The defense was that the bus had stopped to avoid collision with an auto which had swerved into its path. Jury verdict was for defendant.

Plaintiff filed a motion for new trial setting forth five grounds for support.[1] Notice was given for hearing on the motion.

---

1. The grounds as stated in the motion for new trial are:

    1. The verdict of the jury is against the evidence.
    2. The verdict of the jury is against the weight of the evidence.
    3. The verdict of the jury is against the law.
    4. The verdict of the jury is against the law and the evidence under the law.
    5. There was an accumulation of improper comments and arguments by defendant's counsel regarding the statement of witness Ada Baker at the scene of the accident, which statement had been admitted for impeachment purposes only; that although the court sustained plaintiff's objections to the comments and argument on each occasion, defendant's counsel continually, improperly used said statement as substantive evidence; that the actions of defendant's counsel was prejudicial to plaintiff and deprived her of a fair trial.

On April 30, 1981, after hearing, the motion was sustained without stating any basis for the ruling. On May 5, 1981, without notice to either party, the trial court amended the April 30 order to include all five grounds stated in plaintiff's motion for new trial.

On appeal, defendant contends that the May 5 order is void as it was issued without notice. Defendant's point is meritorious.

■ Though the trial court retains thirty day control after entry of judgment and may amend it, Rule 75.01, reasonable notice and an opportunity to be heard must be given to the party or parties affected by the court's intended action. *Albert J. Hoppe, Inc. v. St. Louis Public Service Co.*, 361 Mo. 402, 235 S.W.2d 347, 350 (banc 1950); *Caldwell Paint Mfg. Co. v. LeBeau*, 591 S.W.2d 1, 6 (Mo.App.1979.)

■ Directly felicitious to this case is *Hewitt v. Chicago, Burlington & Quincy R. Co.*, 426 S.W.2d 27, 29 (Mo.1968), specifically holding that notice must be given before a trial court may amend its order sustaining a motion for new trial. No notice was given of intention to amend the April 30 order. Thus, the amended order of May 5 is void, and the April 30 order is left standing.

What is the effect, then, of the April 30 order? It reads:

Plaintiff's Motion For New Trial previously taken under submission April 24, 1981, herein sustained.

Cause reassigned to Division # 1 for further proceedings.

Rule 78.03 requires that the order granting a new trial shall specify the ground or grounds therefore. Rule 84.05(b) presumes that the motion for new trial has been erroneously granted when the ground or grounds have not been specified. And Rule 84.05(c) provides that there shall be no presumption that the new trial has been granted on discretionary grounds if not particularly specified. The purpose of these rules is, *inter alia*, to define and limit the issues on appeal. *Burke v. Moyer*, 621 S.W.2d 75, 80 (Mo.App.1981); *Hightower v. Hightower*, 590 S.W.2d 99, 103 (Mo.App.1979).

■ As the order of April 30 specifies no ground for granting the new trial, error is presumed. *Haas Baking Co. v. Luzio*, 512 S.W.2d 428, 430 (Mo.App.1974). The burden becomes the respondent's to prove that the motion was based on proper grounds. *Briggs v. Baker*, 631 S.W.2d 948 (Mo.App. W.D.1982); *Pruneau v. Smiljanich*, 585 S.W.2d 252, 253 (Mo.App.1979). Plaintiff-respondent fails in this regard.

■ We cannot presume that the trial court's order was based on proper discretionary grounds. *Fehlbaum v. Newhouse Broadcasting Corp.*, 483 S.W.2d 664, 665 (Mo.App.1972); Rule 84.05(c). And at least two of the grounds set forth in the motion for new trial—that the verdict is against the law and against the law and the evidence—are worthless and state no legal basis for a new trial. *McCarthy v. Halloran*, 435 S.W.2d 339, 340 (Mo.1968); *Schanz v. Estate of Terry*, 504 S.W.2d 653, 657 (Mo. App.1974). We cannot speculate under the circumstances whether the trial court's order of April 30 was based on a valid ground or on the basis of a meaningless and invalid ground.[2] Plaintiff-respondent has therefore failed to carry the burden of proving that the order of April 30 was legitimately supported. The order of April 30 thus had no validity.

Judgment reversed.

DOWD, P. J., and SIMON, J., concur.

---

**2.** We need not decide whether any one of the bases listed in the motion for new trial states a proper discretionary ground for granting new trial.