**Roy L. DERFELT, et al., Relators,**

**v.**

**Honorable Robert E. YOCOM, Special Judge, Jasper County, Missouri, Respondent.**

**No. 66404.**

Supreme Court of Missouri, En Banc.

June 25, 1985.

Richard C. Miller, Lloyd Joseph Carmichael, Springfield, for relators.

Stephen G. Scholl, Kansas City, for respondent.

BILLINGS, Judge.

Relators Roy and Virginia Derfelt and Stephen and Madelyn Bazzano, were sued by Traders Bank of Kansas City on a promissory note and their personal guarantees.[1] On February 14, 1984, Respondent, The Honorable Robert E. Yocom, Special Judge of the Circuit Court of Jasper County, ordered Traders Bank's cause of action against relators dismissed with prejudice because Traders Bank at that time had not yet complied with an earlier discovery sanction order.

1. There were nine other defendants named in the suit.

Thirteen days later Traders Bank filed a motion styled, *Motion For Reconsideration Of Dismissal Order And For Reinstatement Of Cause As To Defendants Derfelt and Bazzano.*[2] The motion alleged compliance with the court's discovery sanction order and stated compliance had been delayed because counsel was out of the country and his return delayed due to bad weather. On March 15, 1984, respondent, without notice to relators and without reference to the above-styled motion, reinstated Traders Bank's action against relators. Because respondent failed to give relators notice and an opportunity to be heard before reinstating the cause, relators argue that he should be prohibited from exercising any further authority over them since he long ago lost jurisdiction to do so.[3]

◼ The question we must consider in this case is whether we should exercise our discretionary authority to make permanent the preliminary writ of prohibition we issued on December 18, 1984. This we decline to do. A writ of prohibition does not issue as a matter of right. *State ex rel. Hannah v. Seier,* 654 S.W.2d 894, 895 (Mo. banc 1983). Whether a writ should issue in a particular case is a question left to the sound discretion of the court to which application has been made. *Id. See also State ex rel. St. Louis County v. Stussie,* 556 S.W.2d 186 (Mo.1977).

◼ Because this extraordinary legal remedy provides litigants with abundant opportunity to circumvent the normal appellate process, we are mindful that courts should employ the writ judiciously and with great restraint. A court should only exercise its discretionary authority to issue this extraordinary remedy when the facts and circumstances of the particular case demonstrate unequivocally that there exists an extreme necessity for preventive action.

**2.** This motion was served upon relators.

**3.** Relators' argument is founded upon Rule 75.-01 which reads in part:
The trial court retains control over judgments during the thirty day period after entry of

Absent such conditions, the court should decline to act.

◼ The facts and circumstances of this case lead us to conclude that issuing a writ of prohibition would be an unwarranted and injudicious exercise of our discretionary authority. In so doing we do not decide the question of whether relators' claims of trial court error are meritorious or nonmeritorious. Rather, we have only determined that the unique facts of this controversy do not warrant the exercise of our discretionary authority. The preliminary order in prohibition is quashed.

RENDLEN, C.J., HIGGINS and WELLIVER, JJ., and DOWD, Special Judge, concur.

DONNELLY, J., concurs in result.

BLACKMAR, J., concurs in result in separate opinion filed.

GUNN, J., not sitting.

BLACKMAR, Judge, concurring in result.

I agree that the provisional rule should be quashed, but I would reach this conclusion because the order of March 15, 1984 was manifestly within the jurisdiction of the circuit court.

The relators admit that the order of dismissal of February 14, 1984 was procured without notice to the plaintiff. This was improper. Notice should have been given. *Bindley v. Metropolitan Life Insurance Co., et al.,* 358 Mo. 31, 213 S.W.2d 387 (1948); *Hoppe v. St. Louis Public Service Co.,* 361 Mo. 402, 235 S.W.2d 347 (banc 1950).

The relator argues that the court had already determined that, unless the sanction money were paid within 30 days, the plaintiff's petition was to be dismissed as against the defendants who are now relators. It is suggested that no further order

judgment and may after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time.

was necessary. This is not so. A final dismissal should be effected only by an explicit and unconditional order. *White v. Sievers*, 359 Mo. 145, 221 S.W.2d 118 (1949). As has been said above notice to parties entitled should be given when application is made to convert the conditional order into an unconditional order.

It is not necessary to hold that the order of February 14, 1984 was void. It was seriously irregular and the trial court had the authority to set it aside as soon as the irregularity was called to his attention. Because of the patent irregularity, absence of notice of setting aside was not prejudicial.

The plaintiff's motion of February 27, 1984 for reconsideration of the dismissal order was filed within the 15 day period prescribed by Rule 73.01(a)(3). The court under Rules 78.06 and 81.05 had 90 days to rule on the motion. The relators are attempting to set a trap by arguing, first, that the order of March 15, 1984 setting aside the dismissal order, was void for want of notice, *Hoppe v. St. Louis Public Service Company*, *supra*, and, second, that the trial court lost power to give any further relief because of the expiration of 90 days from filing of the motion. The Court should not countenance these efforts. The *Hoppe* case should not be used as a trap. If an order sustaining a post-judgment motion is found to be void or irregular for want of notice, the most that the party adversely affected should be entitled to is a reconsideration of the ruling following a hearing. *Cf. State ex rel. Stoffer v. Moore*, 628 S.W.2d 637 (Mo. banc 1982), in which this Court forestalled an effort to use *Hoppe* as a trap.

No further hearing, however, is necessary in this case. The relators admit a fatal irregularity in the order of February 14, 1984. The relators admit notice of a hearing on the motion to set aside the dismissal, noted for March 23, 1984. No reason appears why the relators could not have appeared at that time so as to present their objections to the order of March 15,

1984, which then was still under the court's control.

Perhaps counsel under an adversary system are justified in ticking off deadlines without advising the court or opposing counsel, but the court should be vigilant to insure that cases are decided on their merits whenever possible. *See Barney v. Suggs*, 688 S.W.2d 356 (Mo. banc 1985), Blackmar, J., dissenting.