Larry BROCKHOFF, Appellant,

v.

Charles LEARY and The City of Lee's
Summit, Missouri, Respondents.

No. 67613.

Supreme Court of Missouri,
En Banc.

June 17, 1986.

Rehearing Denied July 15, 1986.

Irving Achtenberg, Kansas City, for appellant.

Reggie C. Giffin, Holly McCoy Zimmerman, George E. Leonard, Russell S. Jones, Jr. and Thomas J. Whittaker, Kansas City, for respondents.

WELLIVER, Judge.

This case involves a discrimination suit brought by appellant, Larry Brockhoff, against respondents, Police Chief Charles Leary and the City of Lee's Summit. Appellant sued on two counts, and the jury returned a verdict in favor of appellant and against the City on one count in the amount of $20,000, but the jury verdict was against appellant on the remaining count against the City and against appellant on both counts against Leary. The court of appeals dismissed the appeal, concluding that the notice of appeal was not timely filed.[1] We granted transfer to decide whether the appeal was properly dismissed.

The procedural history of the case was aptly summarized by the court of appeals in the following outline of the chronology:

---

1. The court of appeals also held that an appeal could not be taken under Rule 81.07 because the six months for requesting a special order allowing a special appeal had elapsed. Arguably, however, from the date of entry of judgment until the date when a notice of appeal was filed, six months may not have elapsed. Arguably, the parties could not know that a special order was necessary until the court of appeals rendered its decision and therefore the six month period should be tolled during the period the matter was pending in the appellate courts. Our disposition of the case does not require that we reach this issue. Rule 81.07.

| Date | Description |
| --- | --- |
| April 9, 1984 | The jury returned its verdict and the court entered judgment thereon.[2] |
| April 20, 1984 | The City filed a motion for judgment n.o.v. or, in the alternative, for a new trial on plaintiff's claim against the City on Count I. |
| April 23, 1984 | Brockhoff filed a motion for new trial as against the City on Count II and as against Leary on both counts. |
| May 9, 1984 | The court entered an order stating "[t]he court, on its on initiative, does hereby order a new trial on all issues, legal and equitable, on the ground of inconsistency of the verdict." |
| May 15, 1984 | Leary filed a motion for reconsideration or modification of the court's order of May 9. |
| May 17, 1984 | City of Lee's Summit filed motion requesting that the court reconsider or modify its May 9, 1984 order. |
| May 18, 1984 | Brockhoff filed a motion for reconsideration of the court's May 9 order. |
| May 18, 1984 | The court entered an order vacating its order of May 9 and further ordered that all post trial motions were deemed reinstated. |
| July 18, 1984 | The court overruled all motions for new trial except it granted the City's motion for new trial on Count I. |
| July 27, 1984 | Brockhoff filed notice of appeal. |

The court of appeals held that the May 9th order granting a new trial on all counts was a final and appealable judgment from which the parties had ten days to file a notice of appeal.[3] The appellate court further held that the trial court, while it retained jurisdiction over its judgment for 30 days, thereafter has no authority to reconsider its post-trial order granting or denying a new trial and that any subsequent action, therefore, is outside the authority of the trial court.

Respondents reply by arguing that we should treat the trial court's May 9th order as *void*, thereby reviving the post-trial motions and vesting the trial court with jurisdiction for 90 days or until it ruled on those pending motions. Rule 81.05(a). Respondents contend that the May 9th order is void because the court ruled on its own initiative on a ground not raised in the post-trial motions, without giving the parties a reasonable opportunity to be heard. They refer this Court to our opinions in *Hoppe v. St. Louis Public Service Co.*, 361 Mo. 420, 235 S.W.2d 347 (Mo. banc (1950) and *Savings Trust Co. v. Skain*, 345 Mo. 46, 131 S.W.2d 566 (Mo. banc 1939), where we held that due process requires notice to the adversely affected party or parties before a trial court enters a post-trial order on its own initiative. Certain language in these and subsequent cases suggests that such an order entered without notice is void and a nullity. *E.g., Hewitt v. Chicago, Burlington & Quincy Railroad Co.*, 426 S.W.2d 27, 29 (Mo.1968); *Dixon v. Bi-State Development Agency*, 636 S.W.2d 696, 698 (Mo.App. 1982).[4]

2. The judgment was actually dated April 10. By virtue of Rule 78.04, however, the judgment should have been entered as of the date of the verdict.

3. *But cf. In re Marriage of Richardson*, 540 S.W.2d 227, 229 (Mo.App.1976).

4. Other related cases suggest that when the court acts on its own initiative outside the 30 day period the order is void. *See e.g., State ex rel. Division of Family Services v. Oatsvall*, 612 S.W.2d 447, 452 (Mo.App.1981); *Hopkins v. North American Co., Etc.*, 594 S.W.2d 310, 317 (Mo.App.1980); *State ex rel. Chemical Dynamics, Inc. v. Luten*, 581 S.W.2d 921 (Mo.App.1979).

In *Caldwell Paint Manufacturing Co. v. Lebeau,* 591 S.W.2d 1 (Mo.App.1979), for example, the trial court, during the period when it retains control over the judgment, vacated a default judgment without giving notice to the plaintiff. Shortly thereafter, the plaintiff filed a motion to vacate that order and reinstate the default judgment, which the trial court sustained 18 days following its order vacating the judgment. The defendants appealed from the last order. The court of appeals held that the order vacating the default judgment without notice was void and a nullity, and thus the appellate court treated the trial court as not having acted at all and the initial default judgment became a final judgment after 30 days, from which the parties had ten days to appeal. The appeal was dismissed and the initial default judgment prevailed.[5] *But cf. Dayringer v. Mullen,* 651 S.W.2d 500 (Mo.App.1983).

■ Clearly, notice must be provided to the adversely affected party when the trial court acts on its own initiative within the 30 day period when it retains control over the judgment. *Hoppe* and its progenies, however, are relics from a prior procedural code that have little need under today's practice. When *Hoppe* was decided, both the statute and the predecessor to present Rule 75.01, did not require notice. § 510.-370, RSMo 1978; Rule 75.01 (prior to 1981). The present Rule 75.01 was amended in 1981 to require that notice be given, and the failure to provide notice should now be treated as a violation of the rule.

While the parties, in effect, ask us to decide whether a violation of the notice requirement creates a void or voidable order, we do not believe the case turns on such a distinction. Had one or more of the parties chosen to file a notice of appeal within the ten day period following entry of the order, this would have been an issue. However, none of the parties chose to file a notice of appeal. Instead, each party filed a motion before the trial court requesting the trial court to reconsider or vacate its order of May 9th. In these motions, each party in addition thereto dealt with the issues raised in the party's first after trial motion. On May 18, the next to the last day for filing notice of appeal from the May 9th order, the trial court entered the following order:

> After hearing in chambers with all attorneys of record, on Plaintiff's Motion for Reconsideration,[6] the Court hereby VACATES its Order of May 9, 1984, ordering a new trial.
>
> It is further Ordered that all post-trial motions are hereby deemed reinstated.

Our rules contemplate at least two instances where a trial court has jurisdiction to set aside his prior order after a judgment has become final. These are set forth in Rule 74.78, covering an analogous situation, and Rule 75.01, which provides, in part:

> *After the filing of notice of appeal* and before the filing of the record on appeal in the appellate court, the trial court, after the expiration of such thirty-day period, may still vacate, amend or modify its judgment *upon stipulation of the parties accompanied by a withdrawal of the appeal.*

(Emphasis added.)

■ In the unique circumstances of this case, the circuit judge on May 18th had before him all of the parties to the action, each of whom requested by motion relief from the order of May 9th. All concede that the May 9th order was made without notice. No party had filed a notice of appeal from that order and this was next to

---

**5.** The parties in *Caldwell* did not file post-trial motions within the specified period, and thus the court of appeals held that the trial court retained control over the judgment for only 30 days. For a discussion of *Caldwell,* see Laughrey, Default Judgments, 50 Mo.L.Rev. 841, 860 (1985). Of course, in the case at bar, the reasoning in *Caldwell* coupled with the fact that timely post-trial motions were filed would extend the trial court's jurisdiction for 90 days and the appeal herein would be timely.

**6.** We find no significance in the trial judge's use of the words "on Plaintiff's Motion for Reconsideration." The result of vacating the order is the same whether the minute entry recites on the motion of one party or at the request of all parties, where all have made similar requests.

the last day on which a notice of appeal could be filed under the rules. Rule 81.04. Clearly, if the relief which all requested was to be granted, no party contemplated filing a notice of appeal on that day or the next and no party did so file. All apparently were satisfied with reinstatement of their prior filed after trial motions. Under these unique circumstances we cannot say that the requirements of Rule 75.01 were not met. The parties refraining from filing of notice of appeal on that day or the following day was substantially equivalent to then withdrawing any notice of appeal that may have been previously filed by one or more of the parties. Vacation of the May 9th order and reinstatement of all prior pending motions preserved to all parties the right to have their day in court with reference to all additional matters raised by the parties in their three motions. In our opinion these facts constituted or were tantamount to a stipulation of the parties to vacate the May 9th order, preserving their right to have all issues previously raised by them ruled upon by the judge or to have them overruled by the passage of 90 days time. Rule 81.05(a). While the parties may now assert or contend that what they and the judge did on May 18th does not now result in what they hoped for on May 18th, one thing is certain, on May 18th and 19th, by their action they chose to risk the July 18th order as opposed to filing a notice of appeal from the May 9th order.

The trial court, pursuant to Rule 75.01, had jurisdiction to enter the May 18th order and the court's order reinstating the pending post-trial motion gave the court jurisdiction through July 18, 1984. Appellant's notice of appeal filed on July 27, 1984, therefore, was timely filed.

The order dismissing the appeal is vacated and the cause ordered retransferred to the court of appeals for consideration of the appeal on its merits.

All concur.