In re the Marriage of Kathryn D.
TODD, Appellant,

v.

Mark C. TODD, Respondent.

No. WD 40334.

Missouri Court of Appeals,
Western District.

Nov. 8, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 27, 1988.

Leonard K. Breon, Warrensburg, for appellant.

John H. Edmiston, Warrensburg, for respondent.

Before SHANGLER, P.J., and LOWENSTEIN and GAITAN, JJ.

SHANGLER, Presiding Judge.

The wife brought a petition for dissolution of marriage against the husband, to which the husband pro se entered appearance and waived service and notice of hearing. The waiver of notice of hearing notwithstanding, the wife on March 12, 1987, mailed to the husband a notice that a hearing on the petition for dissolution of marriage was scheduled for April 6, 1987. The spouses executed a contemporaneous Separation Agreement which recited that the marriage was irretrievably broken and contained their agreements as to the disposition of the marital property, the nonmarital property, the waiver of maintenance, and

proposals as to the custody of the two children, visitation and child support payments. The· notice of hearing notwithstanding, the husband did not appear on April 6, 1987 for hearing. The court found the Separation Agreement was not unconscionable, entered its approval, and rendered judgment according to its terms: the marriage was dissolved, the wife was given custody of the two children and the husband was obligated to pay for their support. The judgment of April 6, 1987 was entered by circuit judge Dandurand.

On May 4, 1987, within thirty days of the entry of judgment, the husband [now represented by counsel] presented to circuit judge Dandurand a motion under Rule 75.-01 to set aside the decree of dissolution on allegations of want of notice of hearing and because he was induced to forgo advice of counsel by information that none was necessary. The certificate of counsel for the husband shows a copy of the motion mailed to counsel for the wife on May 2, 1987. The motion was taken up by circuit Judge Dandurand on May 5, 1987, who disqualified himself and assigned the cause to circuit judge Gum for hearing. On that very day circuit judge Gum found good cause to sustain the motion of the husband, and vacated the decree of dissolution entered by circuit judge Dandurand on April 6, 1987. The wife was not before the court at that proceeding. There is no basis in the record to conclude that the copy of the motion to set aside the decree of dissolution had been received by counsel for the wife by then. On May 12, 1987, counsel for the wife mailed to counsel for the husband suggestions in opposition to the motion to vacate the dissolution decree of April 6, 1987. On May 15, 1987, circuit Judge Gum mailed to counsel for the wife notice that on May 5, 1987, the motion of the husband to set aside the decree was granted and the cause was set for new trial.

The husband and wife joined issue by pleadings, evidence was heard on the new trial, and a judgment on the merits entered on January 13, 1988. The marriage was dissolved, the custody of the two children was given to the husband, and the wife was charged with the obligation to pay child support money.

The wife appeals from the judgment of January 13, 1988. The appeal, however, does not impugn that judgment. There is no assertion or argument of trial error in that adjudication—in fact, the transcript of that proceeding is not included in the record of appeal to this court. The appeal asserts, rather, that the judgment of January 13, 1988 lacks efficacy because the judgment of May 5, 1987 which under Rule 75.01 vacated the judgment of April 6, 1987 to the wife—but without prior notice to her as the rule intends [1]—also lacked efficacy. It is an assertion, *simpliciter*, that the want of notice and opportunity to be heard to a party affected by the action of the trial court on a judgment under Rule 75.01 amounts to a want of due process of law, and the denial of due process renders a judicial action void. The wife fashions this argument on the intimations of cases such as *Dixon v. Bi–State Dev. Agency*, 636 S.W.2d 696 (Mo.App.1982); *Caldwell Paint Mfg. Co. v. LeBeau*, 591 S.W.2d 1 (Mo.App. 1979) and others—decided in the train of *Hoppe v. St. Louis Pub. Serv. Co.*, 361 Mo. 402, 235 S.W.2d 347 (banc 1950)—that the failure of notice to a party affected by the action of the trial court under Rule 75.01 on a judgment already entered violates due process, deprives the court of the power to act, and renders any order entered on that action a nullity.

---

1. Rule 75.01 is not articulated in terms of prior notice, but in terms of giving the parties an opportunity to be heard:

"The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time...."

The rule has been uniformly construed nevertheless, and quite understandably, to require to a party affected not only an opportunity to be heard, but its due process correlative, reasonable notice of the matter before the court. *Brockhoff v. Leary*, 711 S.W.2d 869, 871[1] (Mo. banc 1986).

On that logic, the lapse of notice rendered the trial court without jurisdiction to vacate the judgment to the wife entered on April 6, 1987, the order of May 5, 1987 to vacate that judgment is null, as is every proceeding derived from that judicial act: the new trial of the dissolution petition on the merits, as well as the appeal of that judgment under review. Only the judgment of April 6, 1987 stands.[2] *See* e.g., *Terre Du Lac, Inc. v. Black,* 713 S.W.2d 18, 21[4] (Mo.App.1986) and *Caldwell Paint Mfg. Co. v. LeBeau,* 591 S.W.2d at 6[7–9].

This argument postulates a rigid and peremptory doctrine that neither current Rule 75.01 intends nor due process imposes. The requirement for notice to an adversely affected party when the court acts on a judgment on its own initiative under Rule 75.01 is also an essential incident of procedural due process. The failure to provide notice is a violation of the rule and should be treated as a violation of the rule. *Brockhoff v. Leary,* 711 S.W.2d 869, 871[1] (Mo. banc 1986). The due process implications of the violation, *Brockhoff* suggests, depend upon the sufficiency of other available procedures to remedy the lapse.

In *Brockhoff,* the trial judge set aside a jury verdict on his own initiative under Rule 75.01, but without prior notice to the defendants adversely affected. Instead of an appeal from that order—a procedure open to them—the defendants moved for reconsideration of the order of new trial, and the time for appeal lapsed. The defendants, unmindful, undertook review with the court of appeals, but were dismissed. The cause was taken on transfer by the supreme court en banc. There, the defendants argued that under the precedents the order for new trial, entered by

the trial court without notice, was void. The precedents cited to the court in *Brockhoff* are the precedents the wife cites to us: *Hoppe v. St. Louis Pub. Serv. Co.,* 361 Mo. 402, 235 S.W.2d 347 (banc 1950); *Dixon v. Bi–State Dev. Agency,* 636 S.W.2d 696 (Mo. App.1982); *Caldwell Paint Mfg. Co. v. Le-Beau,* 591 S.W.2d 1 (Mo.App.1979), and others of that ilk.

*Hoppe* was decided before the prerogative of a trial court [after notice to a party affected and for good cause] to vacate, reopen, correct, or modify its judgment during the thirty-day period after entry was promulgated as a rule of procedure. There was a statute then in effect [§ 847.-119, RSMo 1949] which confirmed the common law authority of a trial court to vacate a judgment or to grant a new trial for a time after entry. In *Hoppe,* the trial court exercised its authority to grant a new trial to the plaintiff within the thirty-day statutory period, without prior notice to the defendant. The statute imposed no requirement of notice. *Hoppe* observed [235 S.W.2d at 349[6]–350[7]]:

> [T]he requirement of reasonable notice goes deeper than that.
>
> . . . .
>
> The question instantly before us goes deeply into the underlying principles of due process. In our system of jurisprudence reasonable notice to a litigant [when there exists even the possibility of action adverse to his interests] is deemed to be of the essence of fairness and justice. Reasonable notice to parties whose interests are at stake in a contemplated order is a prerequisite to the lawful exercise of the court's power. Opportunity for a litigant to present his views as to the matters instantly before the court

---

**2.** The *jurisdiction* of the trial court to set aside the judgment of April 6, 1987 to the wife—however erroneous the action as a judicial exercise—was never brought into question by the wife by formal pleading, argument or other litigation device until *after* the entry of judgment on January 13, 1988 after the retrial on the merits. The contentions, that from thirty days after the entry of judgment to the wife on April 6, 1987 the court was without jurisdiction to render any order or judgment on the subject matter of dissolution, custody and other inci-

dents of the litigation, were presented by motion under Rule 75.01 to the trial court to vacate the judgment of January 13, 1988, by motion under [then] Rule 74.32 to set aside that judgment for irregularity—lack of notice—in the predecessor judgment of May 5, 1987, and by successive petitions for habeas corpus, first to this court, and then to the supreme court, for the illegal restraint by the husband of the two children given into his custody by the "illegal" judgment of January 13, 1988. Each of these initiatives was, in turn, denied.

which may affect his rights is the very foundation stone of our procedure.

To subserve these principles of justice, the court held, where the statute calls for a court to act upon person, property or other right, the law implies a requirement of notice, even though the statute does not. Any other exercise of judicial discretion is arbitrary, "fails to meet the standards of fairness and justice ... and ... is not due process of law." *Id.* at 351.

*Hoppe* observed nevertheless [at 349[6]] that the question for decision concerned not the *power* of the court to order the vacation of the judgment, but only the *procedure* by which the court must act to exercise that power. *Hoppe* concluded [at 351[9]] that the vacation of judgment without notice and hearing, albeit not due process of law, was—without more—only an arbitrary procedure, and hence subject to reversal. Despite this pellucid expression of rationale, some subsequent decisions have used the due process premises of *Hoppe* to transmogrify a judicial exercise on a judgment without notice and hearing under Rule 75.01 into a void action, rather than [without more] the merely arbitrary— and hence erroneous—adjudication *Hoppe* finds. Thus, the court in *Caldwell Paint Mfg. Co. v. LeBeau*, 591 S.W.2d at 6[9] applied the *Hoppe* due process rationale to mean that a court which acted to vacate a judgment under Rule 75.01 without notice to the party affected "did not act at all." *Dixon v. Bi–State Dev. Agency*, 636 S.W. 2d at 698 applies *Hoppe* and *Caldwell* to a same effect.

Our supreme court en banc in *Brockhoff* described these progenies as "relics from a prior procedural code" that have little relevance under current practice. The present Rule 75.01, *Brockhoff* notes, was amended in 1981 to require notice to a party affected by the action of the trial court on a judgment. Accordingly, *"the failure to provide notice should now be treated as a violation of the rule." Id.* at 871[1] [emphasis added]. The question urged upon the court for decision [as upon us here]— "whether a violation of the notice requirement [of Rule 75.01] creates a void or voidable order"—*Brockhoff* comments, would have been cognizable had the litigants made it an issue on the appeal then still open to them. They allowed that mode of redress to lapse, however, and instead moved the trial court to reconsider the order for a new trial entered without notice. The trial court thereupon vacated its order for a new trial and reinstated the new trial motions of the several litigants. This action, *Brockhoff* decides, "preserved to all the parties the right to have their day in court" with respect to the matters raised in the motions—and so the requirement for notice of Rule 75.01 was functionally, if not actually, met. *Id.* at 872. The case was retransferred to the court of appeals for determination of the appeal on the merits.

The lapse of notice prior to the action of a court on a judgment under Rule 75.01, therefore, presents the violation of a rule and not, *ipso facto*, a failure of due process of law. It is within that determinant principle of *Brockhoff* that we review the complaint of the wife on this appeal that the want of notice to her of the motion to set aside the judgment of April 6, 1987 rendered void the vacation of that judgment on May 5, 1987, so as to entitle her still to the effect of the judgment of April 6, 1987.

That argument fails as a matter of the operation of Rule 75.01 under *Brockhoff* because, as in that case, not only was redress by appeal from the irregular judgment of May 5, 1987 still open to the wife when the court notified her of that action, but—since the judgment of May 5, 1987 could also be set aside within thirty days under Rule 75.01—that means of redress as well. *Schreier v. Schreier*, 625 S.W.2d 644, 657[2] (Mo.App.1981). The role of the rules of procedure as correctants of judicial orders irregular for want of notice was delineated by an opinion of our supreme court en banc even before *Brockhoff.* As in *Brockhoff,* so in *Derfelt v. Yocom*, 692 S.W.2d 300 (Mo. banc 1985). There, as in *Brockhoff* and here, the argument was that under *Hoppe* and its "relic progeny" an order on a judgment entered without notice was void and a judicial act without jurisdiction. The concurrence of Blackmar, J. dis-

countenanced [as do we] that effect for *Hoppe:*

> The *Hoppe* case should not be used as a trap. If an order sustaining a post-judgment motion is found to be void or irregular for want of notice, the most that the party adversely affected should be entitled to is a reconsideration of the ruling following a hearing.

*Derfelt,* 692 S.W.2d at 302. Here, the wife shunned appeal as well as a motion under Rule 75.01 to review or correct the judicial order entered on May 5, 1987 without notice to the party affected. The wife did invoke [then] Rule 74.32[3] to assert the "voidness" of the May 5, 1987 order and moved its vacation for irregularity—but only after judgment on the merits was entered on November 25, 1987. The motion was denied, no doubt because by then the full merits were already adjudicated.

The argument by the wife that she is entitled still to the benefit of the judgment of April 6, 1987—if not as a matter of rule violation, then as a matter of due process—also fails. The record shows conclusively, rather, that the wife received the utmost due process grants an aggrieved party: "the opportunity to present [her] case and have its merits fairly judged." *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 433, 102 S.Ct. 1148, 1156, 71 L.Ed.2d 265 (1982). The notice of the trial court to the wife that his order of May 5, 1987 set aside the judgment of April 6, 1987, also informed that the case would be set for trial in accordance with the local rules. The wife thereupon joined issue upon the cross-petition of the husband, the parties presented evidence, and the issues of the petition and cross-petition were adjudicated on the merits.[4] There is no contention by the wife that the merits of her cause were not fairly judged. In fact, as we note, she makes no complaint at all of error in that adjudica-tion. The record shows an adequate notice for *that* hearing, an effective opportunity to present evidence and confront adverse witness, and an adjudication by legal rules and evidence before an impartial decision-maker. In short, the decision on the merits by the trial court on the dissolution of marriage pleadings was rendered with all the punctilio due process demands of an evidentiary hearing which terminates an established right. *Goldberg v. Kelly,* 397 U.S. 254, 266, 90 S.Ct. 1011, 1019, 25 L.Ed. 2d 287 (1970).

This is not a case where the failure of the notice procedure prior to the vacation of judgment under Rule 75.01 was also a failure of due process. The rights of the wife, notwithstanding that lapse of procedure, were determined only after a hearing on the merits. Nor does principle demand that the want of such notice procedure invariably renders void—and hence null—rather than merely irregular—and hence still correctible—the judicial action taken under the circumstances presented to us and under the construct of our rules of procedure.

Our rules of civil procedure are so framed that an irregular exercise of judicial power under Rule 75.01 may be corrected. Thus, a neglect of notice to the party affected by the action of the court on a judgment may be raised by a subsequent motion to vacate under Rule 75.01 [*Schreier v. Schreier,* 625 S.W.2d at 647[2]], by motion for new trial, or by appeal [*Chatman v. Civic Center Corp.,* 682 S.W.2d 31, 32[1–4] (Mo.App.1985)], and even after the irregular judgment has become final, by a motion under Rule 74.06. The procedure available to correct an erroneous deprivation of a private right by judicial action is one of the measures that make up due process of law under the circumstances.

---

**3.** Rule 74.32 since January 1, 1988 has become a component of Rule 74.06(b). Our decisions have entertained under Rule 74.32 complaints of failure by the court to give notice to an affected party of its action on a judgment, and of other defects of notice. *Taylor v. Taylor,* 742 S.W.2d 630, 632[7] (Mo.App.1988); *Estate of Sympson,* 577 S.W.2d 68, 71[4–6] (Mo.App. 1979).

**4.** The responsive pleading of the wife to the cross-petition of the husband makes no plea to the jurisdiction of the court to entertain the merits of the action by reason of the "voidness" of the May 5, 1987 order of new trial by which the court revested itself with the cause for adjudication on the merits.

*Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). "The most that [such a] party adversely affected should be entitled to is a reconsideration of the ruling following a hearing." *Derfelt v. Yocom,* 692 S.W.2d at 302. The wife had a hearing on the merits. There was neither a failure of the rules of procedure nor of due process in the final adjudication of her rights from which she appeals.[5]

The judgment is affirmed.

All concur.

5. The wife argues also, parenthetically, that the order of May 5, 1987 which vacated the judgment of April 6, 1987 violated the provision of Rule 55.29 that: "No hearing, other than one ex parte or to determine the county to which a civil action is to be sent on change of venue, shall be conducted outside the county without the consent of all parties affected thereby." She contends that the hearing on the motion to vacate—and the order of vacation of judgment which issued—were held in Cass County whereas the action for dissolution pended in Johnson Coun-

ty. She does not say how that renders the judgment of May 5, 1987 void. The docket and formal entries of the entire gamut of proceedings, from the commencement of suit to the judgment entered on the merits of the petition recite Johnson County as the venue. These records import absolute verity and are conclusive against the contention as made here. *State ex rel. McDaniel v. Pinnell,* 741 S.W.2d 852, 855[1] (Mo.App.1987); *State ex rel. Nassau v. Kohn,* 731 S.W.2d 840, 843[2] (Mo. banc 1987).