STATE of Missouri, ex rel., Dr. Bart KAIRUZ, Relator,

v.

The Honorable Kenneth M. ROMINES, Respondent.

No. 58953.

Missouri Court of Appeals, Eastern District, Division Six.

Feb. 5, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 13, 1991.

Application to Transfer Denied May 3, 1991.

Lucy T. Herbers, St. Louis, for relator.

James J. Logan, Chesterfield, for respondent.

CARL R. GAERTNER, Presiding Judge.

Dr. Bart Kairuz, defendant and relator, seeks our writ prohibiting the Honorable Kenneth M. Romines, respondent, from placing the underlying case, Kevin Butler v. Dr. Bart Kairuz, on the trial docket and directing him to vacate his order of October 2, 1989 and to reinstate his order of September 11, 1989, dismissing the action with prejudice.

The parties are in agreement regarding the following facts. Kevin Butler filed a petition against Dr. Bart Kairuz in October, 1984 seeking damages for medical malpractice as a result of alleged negligent acts in November and December, 1982. Almost three years after the petition was filed, on July 20, 1987, plaintiff voluntarily dismissed his action. On July 19, 1988, plaintiff filed a second and identical petition which defendant timely answered. Plaintiff did not answer interrogatories defendant submitted on March 15, 1989. On May 30, 1989, the court issued an order compelling discovery within 30 days. Still no answers were forthcoming. On August 1, 1989, the court again ordered plaintiff to answer the interrogatories within 20 days or face dismissal of the action. No answers having been received, defendant moved to dismiss on August 29, 1989, and on August 31, sent notice to plaintiff of a hearing on this motion scheduled for September 11, 1989. Although plaintiff's attorney failed to appear, the motion was taken up at the scheduled time and sustained. Defendant's attorney mailed a copy of the order of dismissal to plaintiff's attorney that same day. On October 2, 1989, respondent, on his own motion and without notice to either party and without stating any reason, set aside the order of dismissal and granted plaintiff an additional 30 days to answer the interrogatories. No notice of the entry of this order was served upon either party as required by Rule 74.03. On November 27, 1989, plaintiff's answers to interrogatories were filed. On May 29, 1990, after receiving notice of a trial setting, defendant filed a motion to strike the order of October 2, 1989 and to strike plaintiff's answers to the interrogatories. This motion was denied on June 20, 1990. Defendant then filed a motion to dismiss and to remove the case from the trial docket. This motion to dismiss was denied but the cause was removed from the trial docket for 90 days. Defendant then petitioned for a Writ of Prohibition.

The following allegations made by the respective parties are not admitted and in some instances are expressly denied. None of the following allegations are supported by the record presented to us.

Plaintiff's attorney claims that upon receipt of the notice of the September 11 hearing he spoke to an associate in the office of defendant's attorney. He explained his failure to answer the interrogatories was due to his inability to locate his client. At the conclusion of this conversation he understood the motion to dismiss would not be taken up on September 11. Upon receipt of a copy of the order of dismissal he went to the courthouse but could not locate the court file. On September 29, 1989, he was at the courthouse and again was unable to locate the file. On that date he spoke, ex parte, to Judge Romines who told him he would find the file and the lawyer should call back in the next week. Plaintiff's attorney denies any discussion with Judge Romines concerning the facts of the case during this conversation. On October 3, he called Judge Romines' division and was informed of the October 2 order setting aside the dismissal.

After locating his client and answering the interrogatories, albeit beyond the 30 days granted in the order, he called defendant's attorney regarding further discovery but was advised the case had been dismissed and the defendant's file was closed. Plaintiff's attorney took no further action until served with the motion to strike in May, 1990.

Defendant's attorney expressly denies any conversation prior to September 11, 1989, regarding cancellation of the motion to dismiss hearing. She claims that in December, 1989, after receiving the answers to interrogatories, she examined the court file and no order setting aside the September 11 dismissal was contained in the file. Upon receipt of a notice of a trial setting in May, 1990, she again examined the court file. The October 2 order setting aside the dismissal was in the file at that time.

We are confined to the record presented to us and will not speculate regarding disputed facts not supported by the record. *Verdin v. Agnew*, 715 S.W.2d 544, 546 (Mo.App.1986). Accordingly, we disregard the unsupported claims of the attorneys and limit our consideration to those facts not in dispute and to the copies of the court records filed in support of the petition. We have set forth the respective claims of the attorneys in order to demonstrate the insoluble confusion which results from judicial action without notice and without opportunity for the parties to make a factual record susceptible of appellate review. The situation further demonstrates how the absence of notice leads the parties to follow different paths leading to different conclusions regarding the effect of the passage of time limitations for the taking of appropriate action for the preservation of their respective rights.

Rule 75.01 provides in pertinent part:

The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time.

There is no question that the October 2, 1989 order, entered without notice and without giving the parties an opportunity to be heard, violates this rule. Additionally, non-compliance with the rule is demonstrated by the total absence of anything in the record tending to show the court's action was based upon a showing of good cause.

Rule 74.03 provides:

Immediately upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 43.01 upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment. If such notice is not given, the order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of the order or judgment.

The parties agree no notice of entry of the October 2 order was served upon them by the clerk. Thus, it appears this rule was also violated.

The question confronting us is the legal effect of these rule violations. For many years an order or judgment made on the court's own motion without notice or opportunity to be heard was considered to be absolutely void and of no effect because of the failure to afford due process. Several recent decisions have indicated the possibility of correcting the defective order provided an opportunity to be heard is afforded within reasonable time after its entry. The crucial question is whether or not the facts and circumstances disclose a deprivation of substantial rights without due process of law as guaranteed by Article I, Section 10 of the Missouri Constitution.

Prior to the enactment of the Missouri Code of Civil Procedure in 1943, the inherent power of the trial court to vacate a judgment on its own initiative during the term in which the judgment was entered was well recognized. *Boegemann v. Bracey*, 315 Mo. 437, 285 S.W. 992, 993 (banc. 1926). The exercise of this power "is sub-

ject only to the qualifications that [the court] must give the parties reasonable notice, allow them to be heard, and to act on reasonable grounds and not arbitrarily." *Lee v. Baltimore Hotel Co.*, 345 Mo. 458, 136 S.W.2d 695, 697 (banc. 1939). The setting aside of a judgment without notice is "without authority of law ... and all subsequent proceedings ... [are] illegal and void." *Dougherty v. Manhattan Rubber Manufacturing Co.*, 325 Mo. 656, 659, 29 S.W.2d 126, 128 (banc. 1930). "To vacate a judgment or decree, without giving opportunity to the party who obtained it to be heard, cannot be regarded as due process of law." *In re Zartman's adoption*, 334 Mo. 237, 65 S.W.2d 951, 956 (banc. 1933).

This inherent power to vacate or amend a judgment was codified by the enactment of the Missouri Code of Civil Procedure, § 847.119 RSMo.1943, but limited to 30 days after the entry of judgment. Although the statute was silent regarding the necessity of providing the parties with notice and opportunity to be heard, such a requirement was engrafted upon the statute by judicial decision. In *Hoppe v. St. Louis Public Service Co.*, 361 Mo. 402, 235 S.W.2d 347 (banc. 1950) the Supreme Court declared an order of the trial court setting aside a judgment and granting a new trial entered on the court's own motion but without notice or opportunity to be heard to be null and void and a violation of due process. In its unanimous opinion the court quoted extensively from a series of earlier cases holding such action to be unlawful and stated:

> The question instantly before us goes deeply into the underlying principles of due process. In our system of jurisprudence reasonable notice to a litigant (when there exists even the possibility of action adverse to his interest) is deemed to be of the essence of fairness and justice. Reasonable notice to parties whose interests are at stake in a contemplated order is a prerequisite to the lawful exercise of the court's power. Opportunity for a litigant to present his views as to the matters instantly before the court

which may effect his rights is the very foundation stone of our procedure. *Id* 235 S.W.2d at 350.

In its present form Rule 75.01, adopted in 1980, incorporates the teaching of *Hoppe* by expressly requiring the parties be provided with an opportunity to be heard as a condition precedent to the exercise of the trial court's power to vacate, reopen, correct, amend or modify its judgment. It has been held under the rule that absent notice to the party adversely affected by the order, the trial court exceeds its jurisdiction and the order is void. *Champ v. Poelker*, 755 S.W.2d 383, 386 (Mo.App.1988); *Griffith v. Mullenix Corp.*, 688 S.W.2d 46, 47 (Mo.App.1985); *Dixon v. Bi–State Development Agency*, 636 S.W.2d 696, 698 (Mo. App.1982).

It appears that *Hewitt v. Chicago, Burlington & Quincy Railroad Co.*, 426 S.W.2d 27 (Mo. banc. 1968) states the last authoritative decision of the Missouri Supreme Court regarding an order setting aside a prior order, made on the court's own motion without notice to the parties. The court there held such an order invalid because of the absence of notice. *Id.* at 29. In three more recent cases the Missouri Supreme Court alluded to Rule 75.01 but was not called upon to determine the legal effect of a violation of the notice and opportunity to be heard requirements of the rule.

In *State ex rel. Stoffer v. Moore*, 628 S.W.2d 637 (Mo. banc. 1982), a hearing for the assessment of damages after an interlocutory order of default had been entered against non-answering defendants was interrupted by a telephone call from a lawyer who requested leave to enter his appearance on behalf of the defendants. The trial judge advised this lawyer to file a written motion showing why an answer had not been timely filed. At the insistence of plaintiff's attorney, the court entered a final default judgment. However, the trial judge told the plaintiff's attorney at that time that if a motion setting forth what he had been told on the telephone was filed, he intended to set the judgment aside without further discussion of the matter. Plain-

tiff's attorney agreed with this course of action. Twelve days later the motion to set aside the judgment was filed and on that same day the court "on its own motion" set aside the judgment. Plaintiff's attorney was notified of this action on the next day. Nevertheless, plaintiff's attorney took the position the order setting aside the judgment was null and void because he had not been given prior notice or an opportunity to be heard. The court reaffirmed its earlier decisions, quoting with approval from *Hoppe v. St. Louis Public Service Co., supra,* and from *Lee v. Baltimore Hotel Co., supra,* that the power of the trial court to set aside previous orders was "subject only to the qualifications that it must give the parties reasonable notice, allow them to be heard and act upon reasonable grounds and not arbitrarily." *Stoffer,* 628 S.W.2d at 644. The court concluded that the plaintiff's attorney, having been advised by the trial judge of his intention to set aside the judgment if a motion seeking such relief was filed, had received all the notice to which he was entitled. "The order setting aside the judgment was not under these circumstances in excess of the court's jurisdiction for failure to afford due process." *Id.* at 645. Thus, the court recognized the due process implications which necessarily arise whenever a court acts upon its own initiative in the absence of the parties but found the requirements of due process had been satisfied under the unique circumstances of the case. However, the court, in rejecting plaintiff's argument that he could ignore the order as null and void, left open plaintiff's suggestion that plaintiff might have an "obligation" after notice of the order to request a hearing on the question of good cause. *Id.* at 645. This comment by the court carries with it an implication that such an order might be considered voidable, rather than void.

In *Derfelt v. Yocom,* 692 S.W.2d 300 (Mo. banc. 1985), the Supreme Court was again presented with an opportunity to define the effect of a violation of Rule 75.01 but chose not to do so. In this case defendant, without notice to plaintiff, obtained an order dismissing plaintiff's petition for failure to comply with an earlier discovery sanction order. The opinion does not disclose when or how plaintiff received notice of this order, but plaintiff filed a motion seeking reinstatement of the cause 13 days after the dismissal. This motion was set for hearing 38 days after the dismissal. However, on the 29th day, the trial court, without notice and without reference to the plaintiff's motion, on its own initiative set aside the dismissal and reinstated the cause. Relying upon the violation of Rule 75.01 defendants sought to prohibit the trial court from exercising further jurisdiction over them. Without determining the merits of the defendants' claim, the court refused, on discretionary grounds, to make its preliminary Writ of Prohibition permanent. *Id.* at 301. No reason for this exercise of discretion is set forth in the majority opinion, but the Honorable Charles B. Blackmar in his separate opinion stated his reasons for concurring in result. He concluded that since the plaintiff received no notice of the order dismissing the petition, it was patently irregular and therefore within the trial court's authority to set the order aside. This being the case, defendants suffered no prejudice when the order was set aside without notice. Moreover, plaintiff's motion for reconsideration of the dismissal order, filed within 15 days thereafter, should be considered an after-trial motion providing the trial court a period of 90 days to rule upon the motion under Rule 78.06. He refused to countenance defendant's argument that the order setting aside the dismissal without an opportunity to be heard was, under *Hoppe,* a void order and that the expiration of the 90 day period deprived the trial court of jurisdiction. He stated "[t]he *Hoppe* case should not be used as a trap. If an order sustaining a *post-judgment motion* is found to be void or irregular for want of notice, the most that the party adversely affected should be entitled to is a reconsideration of the ruling after a hearing." *Id.* at 302.

We have underlined the words "post-judgment motion" in order to point out that Judge Blackmar viewed the order setting aside the dismissal as a ruling upon plain-

tiff's motion for reconsideration, not as a Rule 75.01 order made on the court's own motion, the view set forth in the majority opinion. Indeed, Rule 75.01 is not mentioned in Judge Blackmar's separate opinion. Although Judge Blackmar decried the attempt to subvert the *Hoppe* case into a trap for the unwary, we are unable to find in his opinion any renunciation of the concepts expressed in *Hoppe,* and in the multitude of cases preceding and following that decision.

Again, in *Brockhoff v. Leary,* 711 S.W.2d 869 (Mo. banc 1986) the Supreme Court was presented with a Rule 75.01 question and expressly declined the opportunity "to decide whether a violation of the notice requirement creates a void or voidable order." *Id.* at 871. In *Brockhoff* both plaintiff and defendant filed timely motions for new trial after a jury verdict. On May 9, 1984, the 30th day after the entry of judgment, the trial court "on its [own] initiative" ordered a new trial on all issues on grounds not asserted in the motions and without giving the parties notice or opportunity to heard. All parties filed motions seeking reconsideration of this order. On May 18, a hearing on these motions for reconsideration was held and the order granting a new trial was vacated. The parties proceeded to present their original new trial motions which were ruled upon in timely fashion by the trial court. Plaintiff then appealed. The Court of Appeals ordered the appeal dismissed because the May 9 order was a final and appealable judgment and the trial court was without authority to reconsider its order more than 30 days after the verdict and judgment. The Supreme Court reversed the dismissal of the appeal and remanded the case to the Court of Appeals for consideration on the merits. In an opinion authored by the Honorable Warren D. Welliver the court restated the principle that notice must be provided to a party adversely affected when the court acts on its own initiative within the 30 day period during which it retains control of its judgment and that the failure to give such notice constitutes a violation of Rule 75.01. Analysis of the opinion reveals the reason the court found

it unnecessary to decide whether such a violation creates a void or a voidable order is that the same result would be reached in either case. The opinion cites *Hoppe, Hewitt* and similar cases holding an order entered without notice is void and a nullity. *Id.* at 870. In particular the opinion refers to *Caldwell Paint Manufacturing Co. v. Lebeau,* 591 S.W.2d 1 (Mo.App.1979) in which the vacation of a default judgment on the court's own motion without notice to plaintiff was held to be a nullity and the unappealed default judgment prevailed. *Id.* at 871. Judge Welliver specifically noted that application of the *Caldwell* reasoning, that the action of the trial court without notice was void and a nullity, to the *Brockhoff* case would have the effect of reinstating the timely filed motions for a new trial. Thus, if the May 9 ruling of the *Brockhoff* trial court is considered void, plaintiff's appeal filed within 10 days of the ruling on the motions for new trial was timely. The opinion goes on to note the hearing on the motions to reconsider the May 9 order and the acquiescence and apparent satisfaction of all of the parties in the vacation of that order by the trial court on May 18. Although not cited in *Brockhoff,* the case of *Schreier v. Schreier,* 625 S.W.2d 644 (Mo.App.1981) reflects a similar approach, that an order setting aside a previous judgment starts anew the running of the time limits of the Rules of Civil Procedure, including Rule 75.01. *Id.* at 648. Therefore, an order made on the court's own motion without notice in violation of Rule 75.01 remains within the control of the court for 30 days and is voidable. Thus, the decision in *Brockhoff* may be seen as standing upon either of two feet; the May 9 order was void and a nullity because of non-compliance with Rule 75.01 or the May 9 order was voidable and was properly vacated on May 18.

The perplexing aspect of the *Brockhoff* opinion, however, is a purely gratuitous and unexplained sentence. "*Hoppe* and its progenies [sic], however, are relics from a prior procedural code that have little need under today's practice." *Id.* at 871.

One more case needs to be discussed. In *Todd v. Todd,* 762 S.W.2d 449 (Mo.App. 1988), our colleagues in the Western District, relying in part upon language from Judge Blackmar's separate opinion in *Derfelt* and Judge Welliver's dictum in *Brockhoff,* concluded a Rule 75.01 order made without notice to the party adversely affected was not void but merely voidable. In *Todd,* a wife obtained a decree of dissolution in the absence of her husband who had entered his appearance and signed a separation agreement. Within 30 days the husband filed a motion seeking to have the judgment set aside pursuant to Rule 75.01. The trial court granted the motion and vacated the judgment without advance notice to wife. Although notice of the vacation of the judgment was sent to the wife within ten days, she took no steps to contest this action. Rather, she proceeded to join issue on the pleadings and to try the case on its merits nine months later. Dissatisfied with the judgment entered after trial, wife for the first time asserted the Rule 75.01 violation and on appeal argued the order vacating the original judgment, entered without prior notice to her, was void and a nullity. Therefore, she argued, all proceedings undertaken after the finality of the original judgment were beyond the court's jurisdiction. The court rejected this contention and held the absence of notice prior to a Rule 75.01 order rendered the judicial action irregular and hence correctable, but not null and void. *Id.* at 453. The court pointed out that the wife was given prompt notice of the court's action after the fact and that she had the opportunity to challenge the action by her own Rule 75.01 motion, by motion for new trial, by appeal or by a motion to set aside for irregularity under rule 74.06,[1] but that rather than availing herself of these avenues of recourse she chose to have a trial on the merits. Under these circumstances the court concluded the vacation of the judgment under Rule 75.01 without notice

was not a failure of due process. *Id.* at 453.

We believe the *Todd* court reached an emminently just and proper result under the unique circumstances disclosed by the record in that case. Courts should not condone the use of Rule 75.01, or any procedural rule, as a trap; a party should not be permitted to sit silently upon a procedural defect and belatedly assert the irregularity only after failing in the gamble to achieve a more favorable result. Nor do we quarrel with the concept that the requirements of due process, notice and opportunity to be heard may in some instances be satisfied if afforded promptly after the judicial action. In order to insure such an opportunity, Rule 74.03 requires the clerk to serve a notice of the entry of an order or judgment upon each party not in default who is not present in court at the time such order or judgment is entered.

■ Having said this we must also express certain reservations. Notwithstanding the intimations expressed in *Derfelt* and *Brockhoff,* the latest decision of the Missouri Supreme Court in which the legal effect of the failure to give notice and opportunity to be heard before a trial court order made on its own motion was the dispositive issue is *Hewitt v. Chicago, Burlington & Quincy Railroad Co., supra;* in which the court ruled such an order invalid, leaving a prior order in effect, even though the parties were given notice of the invalid order *after* it was entered. 426 S.W.2d at 29. Once an issue has been decided by the Supreme Court a statement contrary to the decision in a subsequent case which is not necessary to the decision therein is non-authoritative dictum and the earlier decision remains controlling. *Gerhard v. Terminal Railroad Assoc. of St. Louis,* 299 S.W.2d 866, 871 (Mo. banc. 1957); *Baker v. Baker,* 804 S.W.2d 763, 767 (Mo.App.E.D.1990). The adoption of the present Rule 75.01 in

---

1. Whether all of these means of challenging an order setting aside a judgment were available to the wife in *Todd,* or to defendant in the instant case, is questionable. Motions for new trial, appeals and Rule 74.06(b) motions are procedures for challenging final, i.e. dispositive orders and judgments. An order vacating a judgment and reinstating the cause of action is not a final judgment or order. Nevertheless, such an order does affect substantial rights thus generating due process considerations.

1980 did not alter the pre-existing law, it merely expressed a requirement incorporated in the previous rule by judicial decision. The only difference between the prior Rule 75.01 and the present Rule 75.01 is the addition of the words, "*after* giving the parties an opportunity to be heard." By using the word "after" the Supreme Court reaffirmed its decision in *Hewitt*.

Turning to the matter before us, the record unequivocally demonstrates that the defendant was deprived of substantial rights without due process of law. The order of September 11, 1989 dismissing plaintiff's cause of action for failure to comply with multiple discovery orders, entered after proper notice to plaintiff's attorney, was within the court's jurisdiction and constituted a final judgment in favor of defendant. The disputed issue of whether or not plaintiff's attorney had reached an agreement with an associate of defendant's attorney not to take up the motion on September 11, could have been presented to the trial court for resolution on the record by plaintiff's attorney either by motion for new trial within 15 days or by a Rule 75.01 motion within 30 days. Rather than filing such a motion seeking formally to set aside the judgment and without even voicing his complaint to defendant's attorney, he spoke to the Judge and remained mute after learning the judgment had been set aside by the court. The action of the trial court, acting on its own motion without providing the party adversely affected an opportunity to be heard and without any finding or even evidence of good cause was patently in violation of Rule 75.01. If plaintiff's attorney had shared with defendant's attorney the information he received by telephone regarding the vacation of the judgment, defendant could have challenged the judicial action by his own motion under Rule 75.01 within 30 days. But defendant's attorney had no reason to suspect that plaintiff's attorney was making any effort to set aside the dismissal, much less that the trial court had done so, until well after 30 days. If the trial court had ordered the clerk to send the parties notice of the order entered in their absence, as required by Rule 74.03, appropriate action could have been taken. The rule mandates the setting aside of such an order upon written motion filed within six months after the entry thereof. But the first notice defendant received from the Clerk of the Court was a notice of a trial setting after the six month period had expired.

Unlike *Todd*, we cannot say the party adversely affected by the absence of the notice required under Rule 75.01 deliberately by-passed the procedures available to correct an erroneous deprivation of a private right by judicial action. On the contrary, defendant was deprived of a judgment in his favor, thrust back into the financial expense and emotional trauma of defending a charge of professional incompetence from which he had every right to believe he had been exonerated, with no opportunity to be heard and with no notice of this deprivation until the expiration of the time limitations within which available procedures could be taken. Under these circumstances the conclusion that the order of October 2, 1989, setting aside the order dismissing plaintiff's cause and entered on the court's own motion without notice to the adversely affected defendant either before or within a reasonable time after its entry, constituted a failure of due process is inescapable. Consequently, whether the order be considered void or voidable, it cannot stand.

In the language of the Supreme Court in *Hoppe:*

> Under the instant circumstances of no notice and no hearing the order vacating the judgment [dismissing the plaintiff's petition] was an arbitrary exercise of discretion, fails to meet the standards of fairness and justice basic to and necessary in our system of jurisprudence, where judgments are rendered only upon notice and inquiry, and, as we have heretofore ruled, is not due process of law.

235 S.W.2d at 351.

Accordingly, we make our provisional order of prohibition permanent. Respondent is directed to vacate his order of October 2, 1989, to reinstate the judgment of September 11, 1989, and to take no further action

in the case of *Kevin Butler v. Dr. Bart Kairuz.*

GRIMM, and SIMON, JJ., concur.