STATE of Missouri, ex rel., Chris KOSTER, Relator,

v.

The Honorable Robin FULTON, Associate Circuit Judge, 24th Judicial Circuit, Madison County, Respondent.

No. ED 96413.

Missouri Court of Appeals, Eastern District, Writ Division Six.

March 29, 2011.

Jay Atkins, Office of Attorney General, Jefferson City, MO, for Appellant.

Erika R. Eliason, Columbia, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Relator, Attorney General on behalf of the State of Missouri, seeks a Writ prohibiting Respondent, the Honorable Robin Fulton, from requiring the State of Missouri to procure and pay for a certified court reporter in the case of: In the Matter of Delmar Pogue, Madison County case number 09MD–PR00027. We issued a preliminary order in prohibition. We dispense with further briefing in accordance with Rule 84.24(j) and make the preliminary order permanent.

The underlying action is a civil case in which the State of Missouri seeks to have Mr. Pogue declared to be a sexually violent predator. The Public Defender filed a Motion to Tax Cost of Recording Trial to

Plaintiff or in the Alternative, to Dismiss, which was granted by respondent.

### Standard of Review for Issuing a Writ of Prohibition

Prohibition, "an extraordinary remedy, is to be used with great caution and forbearance and only in cases of extreme necessity." *State ex rel. Douglas Toyota v. Keeter,* 804 S.W.2d 750, 752 (Mo. banc 1991), citing *Derfelt v. Yocom,* 692 S.W.2d 300, 301 (Mo. banc 185). A writ of prohibition is available: 1) to prevent a usurpation of judicial power when the trial court lacks authority or jurisdiction; 2) to remedy an excess of authority [or] jurisdiction where the lower court lacks the power to act as intended; or 3) where a party may suffer irreparable harm if relief is not granted. *State ex rel. Houska v. Dickhaner,* 323 S.W.3d 29, 32 (Mo. banc 2010); *State ex rel Missouri Public Defender Comm'n v. Pratte,* 298 S.W.3d 870, 880 (Mo. banc 2009).

There is no authority in any statute or Supreme Court Rule for an associate circuit judge to order that a certified court reporter be procured and paid for by any party in any type of case. Respondent, in his Order denying the State's Motion to Reconsider, cited Section 478.072 RSMo 2010 as his authority to require the State to procure and pay for a court reporter. The reliance on Section 478.072 for such a proposition is misplaced. The Section (unchanged since 1979) provides that cases *assigned* to an associate circuit judge to be heard upon the record shall utilize electronic, magnetic or mechanical sound, or video recording devices, or a court reporter, or a stenographer for the purpose of preserving the record. The method of preserving the record in each such assigned case shall be specified by the assigning judge at the time he enters his order of assignment.

The underlying proceeding under Chapter 632 requires the filing of a petition directly in the probate division. An associate circuit judge vested with probate jurisdiction (such as Respondent) would not receive an assignment from any judge specifying the method to be used to preserve the record of any trial under Chapter 632.

As the judge noted in the Order entered on March 4, 2011, "the legislature in its infinite wisdom has not seen fit to authorize a court reporter for this judge, ..." Associate Circuit Judges have been conducting jury trials using electronic recording devices for more than 30 years. While using a recording device may not be as easy or convenient as using a court reporter, a suitable record for purposes of appeal is made every week in courts across this state utilizing electronic recording equipment. *Voir dire* and sidebar conferences are recorded, the Office of State Courts Administrator generates the transcript from the recording made at trial at public expense.

There are two certified court reporters employed in the 24th Circuit; nothing prevents one of them from being assigned to preserve the record—they are not the personal employees of circuit judges, they are state employees.

Since there is no authority for a judge to order the state (or any party) to provide the funds for a court reporter in cases tried by associate circuit judges, the judge exceeded his authority by entering an order that the state pay for a court reporter to preserve the record in the underlying case.

Preliminary order in prohibition is made permanent. Respondent is prohibited from requiring the State to procure or pay

for a court reporter in the underlying action.

KATHIANNE KNAUP CRANE and GARY M. GAERTNER, JR., JJ., concur.